Frederick v. Clemens.

———o———

A. W. FREDERICK, Plaintiff in Error, vs. JOHN CLEMENS, Defendant in Error.

1. *Note signed under mistake as to its character—Negligence of maker—Fraudulent representations made to.—What question for jury.*—Where one voluntarily signs a promissory note, supposing it to be an obligation of a different character, but has full means of information in the premises, and neglects to avail himself thereof, relying on the representations of another, he cannot set up such ignorance and mistake, as a defense against an innocent holder for value before maturity. (Shirts vs. Overjohn, *ante*, p. 305, affirmed.) If, however, his signature is procured without negligence on his part, and through artifice or fraudulent representation, the rule is different, and the jury should be left under appropriate instructions to determine these facts.

*Error to Linn. Common Pleas.*

*A. W. Mullins*, for Plaintiff in Error, cited in argument, Greer vs. Yosti. (56 Mo., 307;) Hamilton vs. Marks, (52 Mo., 78;) Horton vs. Bayne, (52 Mo., 531;) Corby vs. Butler (55 Mo., 398).

*S. P. Houston*, for Defendant in Error, cited Briggs vs. Ewart, (51 Mo., 245;) Martin vs. Smylee, (55 Mo., 577;) Corby, Ex'r, vs. Weddle (57 Mo., 452).

HOUGH. Judge, delivered the opinion of the court.

This was an action on a negotiable promissory note, for the sum of $300, brought by the plaintiff, as indorsee for value before maturity, against the defendant as maker.

The defendant, in his answer, admitted the execution of the note and its assignment to the plaintiff, but alleged that said note was without consideration, and that his signature thereto was obtained by imposition and fraud; that, being unable to read or write more than his own name, the payee in said note falsely represented to him, when said note was presented to him for his signature, that it was simply a receipt for certain plows, which said payee had agreed to deliver to him. The answer further stated that the plows were never delivered, and that plaintiff had knowledge of all said facts before the assignment to him of said note.

Plaintiff replied, denying all the matters set up by the defendant in avoidance of his liability; and averred that he was a purchaser of said note in good faith, before maturity, and without notice of any equities between the original parties thereto, or of any defect in the title of the payee.

At the trial, the defendant testified, in effect, that, at the time he gave the note sued on, he entered into an agreement with one England, the payee in said note, to pay him, for the right to sell a certain gang-plow in three townships in Linn county, whatever should be received by him on the sale of said plows, in excess of a specified sum, and in order " to secure England in this, gave him the note sued on, believing at the time it was a contract." He did not then examine the note. He could not read well, and could write but little, and did not have his spectacles with him, without which he could not read at all. England wrote that part of the contract which was not printed, and read it all to him, and he understood it to be simply a contract to secure to England his portion of the proceeds of the sale of the plows; and if he had known it was a note he would not have signed it.

On cross-examination, defendant stated that England read over the instrument to him which he was asked to sign, and " it read $300 payable in twelve months." He further stated that he told plaintiff, who called on him with the note in his possession, after the assignment and a short time before it became due, that he made the note, but that he got nothing

for it. When re-examined, he stated that he told plaintiff that he would not pay it, that he got nothing for it, and that he did not sign it as a note. The foregoing is the substance of the defendant's account of the circumstances under which he signed the note, and of the obligation he intended to incur. There was other testimony but it will not be necessary to notice it.

The court gave, at the instance of the defendant, the following instruction: "If the jury believe from the evidence, that Clemens, when he signed the note sued on, did not understand its character, but thought he was signing a contract to account to England for the proceeds of plows, for the sale of which he was to act as agent, then they are bound to find for the defendant;" to the giving of which plaintiff excepted.

Exceptions were also saved to the giving of two instructions, asked by the defendant, on the subject of notice, and to the refusal of one asked by the plaintiff on the same subject. These instructions, as the case is now presented, need not be considered.

There was a verdict and judgment for the defendant, and the plaintiff has brought the case here by writ of error.

The precise question presented by the instruction above set forth, was passed upon in the case of Shirts vs. Overjohn, decided at the present term; and it is unnecessary to repeat here the views there expressed. The instruction under consideration is at variance with the rule laid down in that case, and must, therefore, be held to be erroneous.

In this case, however, it should have been left to the jury to say, on this issue, under proper instructions, whether the defendant, without negligence on his part, signed the note sued on, in ignorance of its true character, through any artifice or fraudulent representations on the part of England.

The judgment will be reversed and the cause remanded; all the judges concur, except Judge Vories, who is absent.