Bederman et al. *v.* The Otisville State Bank.

*Negotiable instruments — Qualified indorsement of note by payee — Indorsee not mere assignee of payee — Defense of mistake of character of instrument signed — Maker liable to holder in due course — Section 8143, General Code, construed.*

The qualified indorsement of a note "without recourse" simply precludes the indorsee from holding the indorser liable to him in the event the maker fails to pay the note, and the statute having reference to qualified indorsements in no way changes the well-established principle of law that the purchase of commercial paper for value before due, in the absence of fraud or knowledge of any infirmity in the instrument or defect in the title thereto, deprives the maker of any defense.

(Decided March 20, 1916.)

Error: · Court of Appeals for Stark county.

*Messrs. Welty & Burt,* for plaintiffs in error.

*Messrs. McCarty & McClintock* and *Mr. W. S. Rundeil,* for defendant in error.

Houck, J. This is an error proceeding and comes into this court from the common pleas court of Stark county.

In the court below judgment was rendered in favor of defendant in error, the plaintiff below, in the sum of $896, with interest on $95 thereof from the 26th day of June, 1912, to May 4, 1914, making a total of $906.75. This judgment was based upon the verdict of a jury in that sum. The action below was based upon a promissory note in the sum of $800, dated June 22, 1911, and payable September 1, 1912, and for interest on two other certain notes of even date therewith for like amount, pay-

able September 1, 1913, and September 1, 1914, respectively. The three notes in question were payable to Caulkins & Augsbury or order, and were signed by all of the plaintiffs in error, John Bederman and others, the defendants below.

The plaintiff below, defendant in error, claimed in its petition to be an innocent holder in due course, and as such exempt from any defenses which might have been set up against the original payees, alleging that it was the owner and holder of said notes, purchased before due and for a good and valuable consideration paid therefor. The defendants below, plaintiffs in error, in their answer denied that the bank was a holder in due course, and alleged fraud and want of consideration in the making of said notes. A reply was filed by the plaintiffs below denying all of the material allegations in the answer of the defendants.

A petition in error is filed in this court seeking a reversal of the judgment below. The plaintiffs in error seek a reversal, first, because they claim that one of the makers of the note, Harry Richey, was induced by the agent of the original payees of the note to sign the same by the fraudulent representations or statements made to him by said agent, and upon which statements he relied. It is claimed that the defendant Richey at the time he signed said note was induced to sign the same by statements made by the agent of the original payees; that said agent stated to him that the paper that he was about to sign, which afterward proved to be the note in question, was a certificate of stock; that he was unable to read the same by not having his spectacles with him; that he relied upon the state-

ments of said agent in the premises, and thereby was induced to sign the note in question.

Assuming that all of these statements are true, are they sufficient in law to release said Richey and his co-makers from the payment of this note? We think that the facts here disclosed have been fully determined in the case of *Frederick* v. *Clemens*, 60 Mo., 313, quoted in *DeCamp* v. *Hamma, Exr.*, 29 Ohio St., 467, 472:

"Where one voluntarily signs a promissory note, supposing it to be an obligation of a different character, but has full means of information in the premises, and neglects to avail himself thereof, relying on the representations of another, he cannot set up such ignorance and mistake, as a defense against an innocent holder for value before maturity. * * * If, however, his signature is procured without negligence on his part, and through artifice or fraudulent representation, the rule is different, and the jury should be left under appropriate instructions to determine these facts."

Plaintiffs in error contend that the court below erred in giving certain requests before argument which were presented on behalf of the defendant in error, the plaintiff below. We have examined these requests and find that they are correct propositions of law applicable to the particular facts in the instant case, and therefore find no error in this respect.

Plaintiffs in error earnestly contend that the trial court committed prejudicial error in its refusal to charge the jury before argument as follows:

"If you find from the evidence that as between Caulkins & Augsbury and the defendants herein that said notes were wholly without consideration, and you find that the notes were transferred by said Caulkins & Augsbury to the plaintiff without recourse, then I will say to you that such instrument was a mere assignment of such interest as Caulkins & Augsbury had in and to said note or notes, and that if said notes were procured by said Caulkins & Augsbury from the several defendants wholly without consideration, then I will say to you as a matter of law your verdict should be for the defendants."

Plaintiffs in error take the position that this qualified indorsement of the payees made them mere assignors of the title to the note, and hence made the defendant in error, The Otisville State Bank, a mere assignee of such title as was in the payees. This brings the real question involved in this case squarely before us for consideration and determination as to the respective rights of the parties to this action.

It will be observed that in this case the note or notes in question were indorsed before due to the defendant in error, the plaintiff below, and that the indorsement was a qualified one, being "without recourse." It is urged by counsel for plaintiffs in error that the indorsement in the case at bar is clearly a qualified indorsement within the meaning of Section 8143, General Code, and that by reason of this fact plaintiffs in error are entitled to all of the legal defenses against such indorsee that they would have had or might have had against the original payees, notwithstanding the

fact that the indorsement was made before the note became due.   In order to solve this question it is necessary to determine the meaning and the legal force and effect of a qualified indorsement as provided in Section 8143, General Code, which is as follows:

"A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument.   It may be made by adding to the indorser's signature the words 'without recourse,' or any words of similar import.   Such an indorsement does not impair the negotiable character of the instrument."

If the contention of counsel for plaintiffs in error is sound, then the theory and rule as to the rights heretofore existing in favor of an innocent purchaser in good faith, in the absence of or knowledge of fraud, of a promissory note before due, are set aside, abrogated and held for naught. What are the legal rights of a qualified indorsee under the circumstances indicated?   The indorser transfers the note to the indorsee "without recourse," and in our opinion this simply precludes the indorsee from holding the indorser liable to him in the event the makers fail to pay the note.  It is simply a contract between the indorser and indorsee which in no way inures to or increases the legal rights of the makers, or either of them, against the indorsee.   In other words, we think that a fair interpretation of the section of the General Code in question in no way changes the well-established principle of law that a purchase of commercial paper for value, before due, in the absence of fraud and knowledge of any in-

firmity in the instrument, or defect in the title · thereto, bars the makers of any defense.

Taking this view of the whole case and finding no error in the record prejudicial to the rights of the plaintiffs in error, we are of the opinion that the judgment below is right and should be affirmed.

*Judgment affirmed.*

SHIELDS and POWELL, JJ., concur.