COURT OF APPEALS DIV I
2014 JUN -9 AM 9: 40


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| ANTHONY DADVAR, | ) |
| | ) DIVISION ONE |
| Appellant, | ) |
| | ) No. 70552-1-I |
| v. | ) |
| | ) UNPUBLISHED OPINION |
| APPLEBEE'S SERVICES, INC., | ) |
| APPLE AMERICAN GROUP, LLC, | ) |
| | ) |
| Respondents. | ) FILED: June 9, 2014 |
| | ) |

DWYER, J. — Anthony Dadvar sued Apple American Group, LLC (Applebee's) for negligence after he slipped and injured his ankle while entering a Lynnwood Applebee's Restaurant. Dadvar failed, however, to demonstrate a genuine factual issue as to whether Applebee's had actual or constructive notice of the alleged dangerous condition that caused his injury. Nor has he shown that the trial court abused its discretion in denying a continuance under CR 56(f). We therefore affirm the trial court's dismissal of Dadvar's claim on summary judgment.

I

On November 29, 2008, Anthony Dadvar drove to the Lynnwood Applebee's Restaurant for lunch. Patrons enter the restaurant through outer doors that lead

initially into a foyer or vestibule area. A second set of doors opens from the foyer into the restaurant.

Dadvar entered the foyer along with two women, who were also going into the restaurant. He then hurried toward the inner doors, intending to open them for the women. As he approached the doors, Dadvar's right foot "slipped violently" on the tile floor. Dadvar did not fall to the ground, but the twisting motion injured his ankle.

Dadvar limped to the restaurant bar, where he sat on a stool and asked for some ice for his ankle. After he told a manager about the accident, he saw Applebee employees mop the foyer floor.

While sitting in the bar, Dadvar noticed "some greasy, oily, slippery stuff" on the bottom of his right shoe. He claimed that on the day of the accident, his shoes were "well-maintained, dry and did not have any grease or slippery substances on them" and that he cleaned his garage floor regularly to keep it free of oil and grease. Dadvar did not see any foreign substance on the floor, but noticed that the floor mats in the foyer did not cover that portion of the floor that many patrons used to enter the restaurant.

Applebee's stated that it employed a host to open the interior doors for patrons. In the process, the employee "would look at the vestibule floor frequently" and clean up any standing water on the floor. Dadvar recalled that a restaurant employee had opened the inner doors on his previous visits, but he did not see anyone performing that function at the time of his accident.

-2-

On November 18, 2011, Dadvar filed a complaint for damages, alleging that Applebee's had negligently maintained the foyer area. He initially alleged that he had slipped on a foyer tile that was wet from the rain. He later claimed that there had been an oily or greasy substance on the floor.

On April 15, 2013, Applebee's moved for summary judgment, arguing that Dadvar had failed to submit any evidence establishing the existence of a dangerous condition on the foyer floor or that Applebee's had notice of the condition. At the summary judgment hearing on May 29, 2013, Dadvar moved for a continuance under CR 56(f) to conduct additional discovery. The trial court denied the motion for a continuance and entered summary judgment in favor of Applebee's. The court denied Dadvar's motion for reconsideration on July 21, 2013.

II

An appellate court reviews the grant of summary judgment de novo, undertaking the same inquiry as the trial court. Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). Summary judgment is appropriate only if the supporting materials, viewed in the light most favorable to the nonmoving party, demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); Hartley v. State, 103 Wn.2d 768, 774, 698 P.2d 77 (1985). A "'complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989)

(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

In order to prevail on a negligence claim, Dadvar must prove duty, breach, causation, and injury. Tincani v. Inland Empire Zoological Soc'y, 124 Wn.2d 121, 127-28, 875 P.2d 621 (1994). Whether the defendant owed a duty to the plaintiff is generally a question of law. Hutchins v. 1001 Fourth Ave. Assocs., 116 Wn.2d 217, 220, 802 P.2d 1360 (1991). In premises liability actions, the possessor's duty of care depended on the entrant's common law status as an invitee, licensee, or trespasser. Tincani, 124 Wn.2d at 128.

Dadvar's status as a business invitee is undisputed. Applebee's therefore owed him a duty to exercise "reasonable care" and "inspect for dangerous conditions, 'followed by such repair, safeguards, or warning as may be reasonably necessary for [the invitee's] protection under the circumstances.'" Tincani, 124 Wn.2d at 139 (alteration in the original) (quoting Restatement (Second) of Torts § 343, cmt. b).

Applebee's contends that Dadvar failed to make any showing that a dangerous condition existed in the foyer. It argues that the trial court properly disregarded Dadvar's declaration in response to the summary judgment motion because it contains self-serving opinions and speculation. Applebee's further asserts that the declaration contradicted both Dadvar's original claim that he slipped on a tile that was wet from the rain and his deposition testimony that he never saw the "greasy substance" on the floor at the time he slipped. See Marshall v. AC&S, Inc., 56 Wn.

-4-

App. 181, 185, 782 P.2d 1107 (1989) (party cannot create genuine factual issue merely by contradicting, without explanation, previously given clear testimony).

For purposes of this appeal, however, we need not decide whether Dadvar's affidavit contradicted his deposition testimony or whether there was a slippery substance on the foyer floor. Even if we assume that the evidence presented raised a factual issue as to the existence of a dangerous condition, Dadvar failed to make any showing that Applebee's had notice of the condition.

For a possessor of land to be liable to a business invitee for an unsafe condition, "the possessor must have actual or constructive notice of the unsafe condition." Ingersoll v. DeBartolo, Inc., 123 Wn.2d 649, 652, 869 P.2d 1014 (1994). Dadvar does not allege that Applebee's had actual notice of the alleged condition. Constructive notice arises where the condition "'has existed for such time as would have afforded [the proprietor] sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and to have removed the danger.'" Ingersoll, 123 Wn.2d at 652 (alteration in original) (quoting Smith v. Manning's, Inc., 13 Wn.2d 573, 580, 126 P.2d 44 (1942)); see also Wiltse v. Albertson's Inc., 116 Wn.2d 452, 459, 805 P.2d 793 (1991) (constructive notice will be inferred if the condition exists long enough for a person exercising ordinary care to discover it).

To establish constructive notice, Dadvar relies on the evidence that Applebee's employed a host whose duties included inspecting the foyer floor and cleaning up any hazards. He asserts that the host's duties of inspecting for dangerous conditions, coupled with the apparent absence of a host at the time of the

accident, supports a reasonable inference that Applebee's should have known of the dangerous condition. We disagree.

Dadvar submitted no evidence of the host's work schedule or any other evidence suggesting how long the host might have been away from the area at the time of the incident. Consequently, he made no showing that the condition had been on the floor for enough time to afford Applebee's "a sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection and to have removed the hazard." Carlyle v. Safeway Stores, Inc., 78 Wn. App. 272, 275, 896 P.2d 750 (1995). Under the circumstances, Dadvar failed to raise a genuine issue regarding constructive notice. The trial court properly granted summary judgment.

Citing Iwai v. State, 129 Wn.2d 84, 915 P.2d 1089 (1996), Dadvar argues that the circumstances here fall within an exception to the notice requirement for a specific unsafe condition that is "'foreseeably inherent in the nature of the business or mode of operation.'" Iwai, 129 Wn.2d at 98 (quoting Wiltse, 116 Wn.2d at 461). But in Washington, courts have applied this exception only to self-service areas. See Pimentel v. Roundup Co., 100 Wn.2d 39, 666 P.2d 888 (1983). Four justices in Iwai favored extending the exception. "But in the absence of a majority, the Iwai lead opinion is not binding precedent and, so far, no Washington court has extended Pimentel beyond the self-service setting." Fredrickson v. Bertolino's Tacoma, Inc., 131 Wn. App. 183, 192, 127 P.3d 5 (2005). Dadvar makes no showing that the foyer of the restaurant was a self-service area.

-6-

III

Dadvar contends that the trial court erred in denying his CR 56(f) motion for a continuance. Under CR 56(f), if the nonmoving party demonstrates, by affidavit, why he or she cannot present evidence opposing summary judgment, the trial court "may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." The court may deny the motion for a continuance when

> (1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact.

Turner v. Kohler, 54 Wn. App. 688, 693, 775 P.2d 474 (1989). We review the trial court's denial of a CR 56(f) motion for an abuse of discretion. Coggle v. Snow, 56 Wn. App. 499, 504, 784 P.2d 554 (1990).

Dadvar's counsel moved for a CR 56(f) continuance at the summary judgment hearing on May 29, 2013. The record on appeal does not contain an affidavit in support of the motion, and the hearing was not reported. Counsel apparently sought to conduct additional discovery and investigation because he had first appeared in the case on February 26, 2013, six weeks before Applebee's filed its summary judgment motion. Counsel explained that he had initially focused on reviewing Dadvar's medical records. Dadvar's previous counsel withdrew in September 2012.

By the time of the May 29, 2013 hearing, however, counsel had represented Dadvar for more than three months and had been present at Dadvar's deposition on February 28, 2013. Nothing in the record indicates the specific nature of the additional investigation or discovery that counsel intended to undertake or the potential resulting evidence. Under the circumstances, counsel's conclusory allegations of insufficient time to prepare did not justify a delay. On the record before us, Dadvar has failed to demonstrate any abuse of discretion in the trial court's denial of the request for a CR 56(f) continuance.

Affirmed.

We concur:

Cox, J.

Dwyer, J.

Becker, J.