[No. 35812. *En Banc.* September 21, 1961.]

E. C. EDWARDS, *Individually, and as Guardian of Donald Edwards, a Minor, Respondent,* v. A. F. J. DISTRIBUTORS, INC., *Appellants.** 

*Sweet & Merrick* and *Jack J. Lobdell*, for appellant.

*Raymond A. Reiser* and *John J. Sullivan*, for respondent.

MALLERY, J.—This is an appeal from a judgment for fifteen thousand dollars based upon the verdict of the jury in

*Reported in 364 P. (2d) 952.

favor of the plaintiff-guardian, whose sixteen-year-old son was injured while in the employ of the defendant.

The injury occurred on Saturday, February 15, 1958. The son was employed in the appellant's store and performed a variety of duties. The appellant sells lime and garden supplies at retail in Seattle. When wholesale shipments of lime were received by the appellant, it was stored until sold in a Freuhauf semitrailer, which was seven feet five inches in height, thirty-two feet long, and seven feet six inches wide.

When the son went to work that Saturday at 1:00 p. m., he was set to removing fifty-pound paper bags of lime from the trailer for delivery to a waiting customer's vehicle. The lime was stacked about midway of the trailer in three stacks.

The injury occurred, according to the testimony of the son, "when I came to work there was approximately three and a half stacks of lime and when I bent down to pick up the last two bags of the second stack the third stack fell over and hit me on the back."

No one knows who, among the employees of the appellant, had stacked the lime involved in this injury. The son had been instructed how to stack lime, as had the other employees, and each individual layer of sacks was constructed as follows: Two sacks were laid lengthwise and then one across the front of the two that were lengthwise, and the next layer reversed that process.

After the accident, the son went back to work for the appellant on or about April 29, 1958, and worked until October 28, 1959. He stacked lime and worked in the trailer in the same way as he had done before the accident. He stated that he figured that the accident would not happen again. The son was discharged by appellant immediately upon the commencement of this action.

The position of the respondent in his brief reflects his position in the trial. We quote:

"The injury occurred shortly after the plaintiff had reported for work. At the time he came on the job, around 1:00 P. M., business was brisk and he pitched right in serving the line of waiting customers. There was no visible or apparent danger in the pile of lime.

"The bags that fell on the plaintiff were from the last three tiers of lime that had been stacked and were located approximately one-half way back in the trailer. No one had had any apparent concern about the safety of the pile. No outside force caused the lime to topple over on the plaintiff; the ground had not been shaken; the trailer had not been moved; nothing had bumped the pile; no one was working on the tier when it collapsed. Exactly *what caused the pile to fall over is not known,* though circumstantial evidence indicates the pile had been improperly stacked." (Italics ours.)

The issue of the law presented is: Does *res ipsa loquitur* apply to these facts? There was no attempt to prove negligence, and, indeed, the respondent contends in one situation that the cause of the injury is unknown and admits it in another. Thus, unless *res ipsa loquitur*, properly takes the case to the jury, the respondent has failed in his proof. The wording of the instruction on *res ipsa loquitur*, as given by the trial court, is irrelevant if the doctrine is not applicable to the facts herein.

We hold the doctrine of *res ipsa loquitur* is not applicable in this case for the following reasons: The cause of the stacked lime falling upon the son is unknown. The son was the active agency in the operation and personally handled the lime. The operation was not performed in the presence of the appellant, and the *right* of control was not and could not be exercised under such circumstances. The injury, therefore, did not occur in an operation and under circumstances over which the appellant had exclusive control. It follows that the theory of the superior knowledge of the cause of the injury on the part of the appellant, which is an ingredient of the doctrine of *res ipsa loquitur*, is missing as to this operation.

*Res ispa loquitur* applies to injuries which do not ordinarily occur but for the negligence of a defendant. If there was negligence at all, and it does not necessarily exist merely because there was an injury, it could have been the manner of removing the lime as well as the manner of stacking it. The first would be contributory negligence, the latter negligence. Speculation does not suffice

for the establishment of either negligence or contributory negligence.

While it is true *res ipsa loquitur* does not require proof of specific acts of negligence on the part of a defendant, it must still appear by proof or necessary inference that the injury was of a kind ordinarily caused by negligence on the part of a defendant. Injury to a workman on the job is sufficient to fix liability of an insurer in extrahazardous industry. It is not alone sufficient where the employer is engaged in nonhazardous industry and, hence, is not an insurer.

Where everything about a situation is equally known to all parties and nobody has any explanation of why the injury occurred, it is a situation where a failure of proof of negligence is fatal to a cause of action.

The trial court erred in not dismissing the case at the close of the evidence.

The judgment is reversed.

ALL CONCUR.