[No. 28491-6-I. Division One. March 9, 1992.]

ELIZABETH LAS, *Appellant,* v. YELLOW FRONT STORES, INC., *Respondent.*

*J. Bradford Doyle* and *Stafne & Doyle,* for appellant.

*Robert M. Stein, Bruce A. Spanner,* and *Houger, Miller & Stein, P.S.C.,* for respondent.

FORREST, J. — Las appeals the summary judgment dismissal of her personal injury claim arguing there is a material issue regarding the negligence of Yellow Front Stores. We affirm.

On July 30, 1989, Elizabeth Las (Las) and her daughter entered the Yellow Front Store (Yellow Front) in White Center to shop. After doing some shopping the two separated, and Ms. Las went alone to the kitchen department of the store.

Ms. Las was interested in iron frying pans. Ms. Las found a display of pans on the second-to-the-bottom shelf of a 5-shelf display. The shelves were all the same size and the shelf just above the pans blocked Ms. Las's view of any items behind the pans. None of the pans were overhanging the edge of the shelf. As Ms. Las removed one pan which was stacked on the others, five or six skillets fell to the floor. At least one of these pans struck Ms. Las on the foot and injured her. Ms. Las filed suit against Yellow Front claiming its negligence caused her injury. The court granted

Yellow Front's motion for summary judgment and this appeal followed.

■ A defendant in a civil action is entitled to summary judgment when that party shows that there is an absence of evidence supporting an element essential to the plaintiff's claim.[1] The defendant may support the motion by merely challenging the sufficiency of the plaintiff's evidence as to any such material issue.[2] In response the nonmoving party may not rely on the allegations in the pleadings but must set forth specific facts by affidavit or otherwise that show a genuine issue exists.[3] Additionally, any such affidavit must be based on personal knowledge admissible at trial and not merely on conclusory allegations, speculative statements or argumentative assertions.[4]

■ To avoid summary judgment Las must produce sufficient evidence to create a genuine issue that (1) there existed an unreasonable risk of harm to Yellow Front's invitees, (2) the danger was brought to the attention of the store owner, and (3) sufficient time or opportunity existed for the store owner or employees to remedy the unsafe condition.[5] Las fails to establish sufficient proof of any of these elements.

■ To establish a dangerous condition Las expresses a "belief" that the pans must have been unbalanced or precariously stacked. There are no facts supporting this belief. She cannot testify to how the pans were stacked and, in fact, her view of the pans was obstructed by the other shelves. There is no evidence of Yellow Front's practice as to stacking the pans, nor any expert testimony as to how frying pans should

---

[1]*Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

[2]*Young*, at 226.

[3]*Young*, at 225-26.

[4]*Grimwood v. University of Puget Sound, Inc.*, 110 Wn.2d 355, 359, 753 P.2d 517 (1988).

[5]*See Wiltse v. Albertson's Inc.*, 116 Wn.2d 452, 457, 805 P.2d 793 (1991) (citing Restatement (Second) of Torts § 343 (1965)).

be safely stacked. The mere existence of the accident is insufficient proof of an unreasonable risk,[6] absent facts justifying application of res ipsa loquitur. We decline to hold as a matter of law that stacking iron skillets creates an unreasonably dangerous condition.

Las attempts to avoid the requirement of showing Yellow Front's actual or constructive knowledge of the alleged danger by arguing the element does not apply to self-service operations. Las's reliance on *Pimentel v. Roundup Co.*[7] is misplaced.

Initially, *Pimentel* is easily distinguished on its facts. In that case a paint can fell from a shelf and injured a customer. Unlike the frying pan in this case, in *Pimentel* it was undisputed that the can overhung the shelf and even the defendant's expert stated that the display was dangerous.[8] There was also proof of store policies against such displays and providing for official inspection for such conditions.[9] None of those facts are present here. The issue in *Pimentel* was whether the store operator knew of the condition and whether the plaintiff needed to prove such knowledge.

■ The Supreme Court noted that there may be an exception to the notice requirement in self-service operations if the plaintiff can offer specific facts that show the operating methods of the defendant create continuous and foreseeable dangerous conditions.[10] The court was clear that this exception does not shift the burden of proof to the

---

[6]*See Hansen v. Washington Natural Gas Co.*, 95 Wn.2d 773, 778, 632 P.2d 504 (1981). It has long been held in slip and fall cases, for instance, that the mere existence of water on the floor and the plaintiff's fall is not evidence of a dangerous condition. *Brandt v. Market Basket Stores, Inc.*, 72 Wn.2d 446, 448, 433 P.2d 863 (1967).

[7]32 Wn. App. 647, 649 P.2d 135 (1982). Las cites the opinion from the Court of Appeals but the appeal was heard by the Supreme Court, and that opinion is controlling. All references to *Pimentel* in this opinion are to the Supreme Court opinion, *Pimentel v. Roundup Co.*, 100 Wn.2d 39, 666 P.2d 888 (1983).

[8]*Pimentel*, at 41.

[9]*Pimentel*, at 42.

[10]*Pimentel*, at 48.

defendant to disprove his negligence,[11] nor does it apply per se to self-service operations.[12] Adherence to traditional negligence standards was affirmed most recently in *Wiltse v. Albertson's Inc.*[13] The Supreme Court again noted that *Pimentel* did not create strict liability or shift the burden of proof when the defendant is the operator of a self-service operation.[14] The court held that before the issue of notice can arise there must be proof a dangerous condition caused the injury and proof of the cause of the alleged unsafe condition. The court noted that the "cause of the hazard is relevant in establishing whether the unreasonably dangerous condition was continuous or reasonably foreseeable because of the specific self-service operation." *Wiltse*, at 461. In *Wiltse* the plaintiff failed to offer any evidence as to the cause of the unsafe condition, therefore he was unable to establish negligence.[15] In this case Las is unable to prove an unsafe condition caused her injury, which obviously makes it impossible to prove Yellow Front's operations caused an unsafe condition.

Las argues that operators of self-service stores should be held to a higher standard because of the nature of the business and they should be liable for the mishandling of merchandise by other customers. Las's reliance on the appellate decision in *Pimentel*, quoting the 1975 case of *Ciminski v. Finn Corp.*,[16] is misplaced. These holdings were significantly limited by the Supreme Court in *Pimentel* and *Wiltse*.

---

[11]*Pimentel*, at 49.

[12]*Pimentel*, at 50.

[13]116 Wn.2d 452, 805 P.2d 793 (1991).

[14]*Wiltse*, at 461.

[15]*Wiltse*, at 459.

[16]13 Wn. App. 815, 537 P.2d 850, 85 A.L.R.3d 991, *review denied*, 86 Wn.2d 1002 (1975).

The court in *Wiltse* offered a particularly instructive example on this precise point, stating:

> If a customer had knocked over merchandise in the aisle and the next customer had immediately tripped over that merchandise, certainly the store owner should not be responsible without being placed on notice of the hazard.

*Wiltse*, at 461-62.

As with Las's theories regarding the cause of the accident, there is no evidence to support the argument that Yellow Front Stores should have eliminated the "dangerous condition". There is no factual support for Las's affidavit statement that "had they [the pans] been stacked properly (or not at all) or had been given more space between them on the shelf, my injuries would not have occurred." Ms. Las offers only speculative argument without support in the record.[17] The issue is not the credibility of Las, as asserted in her brief, but the fact that there are no *facts* to support her "beliefs" or speculation.

 Las's arguments boil down to the argument that the concept of res ipsa loquitur should apply. Res ipsa requires Las to demonstrate that (1) the occurrence producing the injury is of the kind which does not occur in the absence of negligence, (2) the injury is caused by an agency or instrumentality within *the exclusive* control of the defendant, and (3) the injury must not be due to *any* contribution on the part of the plaintiff.[18] The facts here meet none of these criteria.

Las continually asserts the pans could not have fallen without negligence on someone's part, but she fails to demonstrate that the pans could not have fallen without the negligence of Yellow Front Stores. It is quite easy to contemplate an accident such as this without the "negligence" of

---

[17]*See Gingrich v. Unigard Sec. Ins. Co.*, 57 Wn. App. 424, 429, 788 P.2d 1096 (1990).

[18]*Howell v. Spokane & Inland Empire Blood Bank*, 114 Wn.2d 42, 58, 785 P.2d 815 (1990).

any party. The fact there was an accident and an injury does not necessarily mean there was negligence.[19] More important, however, the pans were not in the *exclusive* control of Yellow Front Stores. Other customers could take out a pan and then replace it. Finally, while Las testifies that she does "not know what I could have done to cause the accident", her contribution to the accident remains a viable theory.[20]

Neither res ipsa loquitur nor some reduced standard of care for self-service operations generates an issue of material fact. Summary judgment was proper.

Affirm.

GROSSE, C.J., and SCHOLFIELD, J., concur.

---

[19]*Edwards v. A.F.J. Distribs., Inc.*, 58 Wn.2d 789, 791, 364 P.2d 952 (1961) is factually similar in that the cause of a bag of lime falling from a display was admittedly unknown. The victim removed a sack from the stack; the court held res ipsa loquitur did not apply.

[20]*Edwards*, at 791.