

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 JUL 22 PM 1:33

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| WENDY LOUISE TINSLEY, a married individual, and WENDY LOUISE TINSLEY and KENNETH TINSLEY, a married couple,<br><br>Appellants,<br><br>v.<br><br>TACOMA GOODWILL INDUSTRIES, a Washington Corporation,<br><br>Respondent. | DIVISION ONE<br><br>No. 70344-7-I<br><br>UNPUBLISHED OPINION<br><br>FILED: July 22, 2013 |

DWYER, J. — Wendy Tinsley (Tinsley) and her husband, Kenneth Tinsley, appeal from the trial court's summary judgment dismissal of their negligence claim against Tacoma Goodwill Industries, Inc. (Goodwill). The trial court did not err by granting summary judgment. Accordingly, we affirm.

I

On August 29, 2007, Wendy Tinsley was shopping at a Goodwill store with her cousin, Carlena DeLaGrange. While Tinsley was bending over to look at an item, a large framed picture fell on the back of her neck, resulting in severe injuries. Thereafter, Tinsley and her husband filed suit against Goodwill, alleging premises liability and negligence, and loss of consortium.

DeLaGrange, who witnessed the incident, submitted a declaration to the trial court. She testified that, on the day Tinsley was injured, merchandise at the Goodwill store was stacked everywhere and shelving was not yet installed. According to DeLaGrange, the picture frame that struck Tinsley was one of at least two picture frames that were placed atop a mattress that was leaning against the store wall.

Deanna Bixby, Goodwill's supervisor, stated in a declaration that, at the time of the incident, the area of the store in which Tinsley was injured had no shelving or pictures hung on the walls. She further averred that the store's practice was "to place large pictures on the floor, sandwiched between other items." This testimony was confirmed by the store's manager, who stated that "[l]arge pictures, such as the one Ms. Tinsley pointed out to Deanna Bixby, were never displayed on shelves or hung from a wall. They were placed in a vertical rack, on the floor, between other items."

Goodwill moved for summary judgment on the basis that Tinsley failed to prove "that (1) there was an unsafe condition that posed an unreasonable risk of harm to Goodwill patrons; (2) that the unsafe condition was either caused by Goodwill or was something Goodwill had either actual or constructive notice of; and (3) that the unsafe condition proximately caused the injury claimed."

The trial court granted summary judgment in favor of Goodwill. Although the trial court found that the picture frame that struck Tinsley had been placed above a mattress, in a dangerous setting above the floor, it determined that there was no evidence that showed that the store had notice of the dangerous

- 2 -

condition or that the operating methods of Goodwill created a continuous and foreseeable dangerous condition.

Tinsley appeals.

II

Tinsley assigns error to the trial court's order granting summary judgment in favor of Goodwill and to its order denying her motion for reconsideration. She first asserts that a genuine issue of material fact existed as to whether Goodwill's "operating methods at the time of injury created a foreseeable dangerous condition." We disagree.

"We review a trial court's summary judgment decision de novo, performing the same inquiry as the trial court." Shoulberg v. Pub. Util. Dist. No. 1 of Jefferson County, 169 Wn. App. 173, 177, 280 P.3d 491, review denied, 175 Wn.2d 1024 (2012). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); White v. State, 131 Wn.2d 1, 9, 929 P.2d 396 (1997). We consider the evidence and the reasonable inferences therefrom in the light most favorable to the nonmoving party. Schaaf v. Highfield, 127 Wn.2d 17, 21, 896 P.2d 665 (1995).

The moving party in a summary judgment motion has the initial burden to show the absence of a material factual issue. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). A nonmoving party "may not rely on speculation, argumentative assertions that unresolved factual issues remain, or

on affidavits considered at face value." Meyer v. Univ. of Wash., 105 Wn.2d 847, 852, 719 P.2d 98 (1986). Instead, it "must set forth specific facts which sufficiently rebut the moving party's contentions and disclose the existence of a genuine issue as to a material fact." Meyer, 105 Wn.2d at 852.

A cause of action for negligence requires a claimant to establish (1) the existence of a duty owed,[1] (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury. Tincani v. Inland Empire Zoological Soc'y, 124 Wn.2d 121, 127-28, 875 P.2d 621 (1994); Fredrickson v. Bertolino's Tacoma, Inc., 131 Wn. App 183, 188, 127 P.3d 5 (2005).

In Washington, a proprietor is liable to a business invitee for injuries suffered from an unsafe condition on the land if either the proprietor or his or her employees caused the unsafe condition, or the proprietor had actual or constructive notice of the condition. Pimentel v. Roundup Co., 100 Wn.2d 39, 49, 666 P.2d 888 (1983).

---

[1] Washington has "adopted sections 343 and 343A of the Restatement (Second) of Torts to define a landowner's duty to invitees." Kamla v. Space Needle Corp., 147 Wn.2d 114, 125, 52 P.3d 472 (2002).

Section 343 of the Restatement (Second) of Torts provides:
A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.
RESTATEMENT (SECOND) OF TORTS § 343, at 215–16 (1965).

Section 343(A) of the Restatement (Second) of Torts provides:
(1) a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
RESTATEMENT (SECOND) OF TORTS § 343A, at 218.

A claimant need not prove actual or constructive notice on behalf of a proprietor where the proprietor is a self-service store. Pimentel, 100 Wn.2d at 40. However, in order for this narrow exception to apply, the claimant must prove that "a proprietor's business incorporates a self-service mode of operation and this mode of operation inherently creates an unsafe condition that is continuous or reasonably foreseeable in the area where the injury occurred." O'Donnell v. Zupan Enters., Inc., 107 Wn. App. 854, 858, 28 P.3d 799 (2001). The claimant must offer specific facts to trigger the application of this exception. Las v. Yellow Front Stores, Inc., 66 Wn. App. 196, 199, 831 P.2d 744 (1992).

Here, Tinsley contends that a genuine issue of material fact exists as to whether the application of the notice exception was warranted, thereby relieving her from proving that Goodwill had actual or constructive notice of the unsafe condition. She asserts that, at the time of the incident, the large picture frames were not held in racks, contrary to Goodwill's standard of practice. She further contends that this method of operation—leaving picture frames unsecured by not placing them in racks—created unsafe conditions that were reasonably foreseeable.

Tinsley offered no evidence demonstrating that Goodwill failed to place picture frames in racks on the day the incident occurred. DelaGrange's declaration, relied upon by Tinsley, merely states that shelving was not yet installed in the store. It does not, however, make mention of the absence or presence of racks at the time of the incident. Tinsley similarly did not offer

evidence indicating whether Goodwill's failure to place picture frames in racks was, in any way, related to Goodwill's mode of operation.

Indeed, the record reflects, rather, that Goodwill's practice involved arranging picture frames in racks on the floor. However, Tinsley did not present evidence showing whether this practice was linked to Goodwill's mode of operation that inherently created reasonably foreseeable risks of injury. Nor did she demonstrate whether placing picture frames atop mattresses was associated with Goodwill's mode of operation. Accordingly, Tinsley failed to raise a genuine issue of material fact as to whether application of the notice exception was appropriate.

Nevertheless, Tinsley asserts, in the alternative, that a genuine issue of material fact exists as to whether Goodwill had constructive notice of the hazardous condition because, she contends, the location in the store at which she was injured was a "high traffic area" through which Goodwill employees often walked. This contention similarly is without merit.

To establish that a proprietor had constructive notice of a dangerous condition, a claimant must prove "how long the specific dangerous condition existed." Wiltse v. Albertson's Inc., 116 Wn.2d 452, 458, 805 P.2d 793 (1991). "'Constructive knowledge exists if the unsafe condition has been present long enough that a person exercising ordinary care would have discovered it.'" Wiltse, 116 Wn.2d at 459 (quoting Kangley v. United States, 788 F.2d 533, 534-35 (9th Cir. 1986)).

In support of her contention, Tinsley points to evidence indicating that the region of the store where Tinsley was injured was frequented by Goodwill employees. Although these facts may suggest that the store's employees were availed of numerous opportunities to notice a dangerous condition, it does not in any way reflect "how long the specific dangerous condition existed." Wiltse, 116 Wn.2d at 458. Thus, Tinsley's evidence did not create a genuine issue of material fact as to whether Goodwill had constructive notice of the alleged unsafe condition.[2] Summary judgment was properly granted.[3]

Affirmed.

We concur:

_____

_____

_____

---

[2] Tinsley further appears to assert that, because Goodwill failed to have any regular inspection schedule, it did not exercise reasonable care to prevent the injury. Whether Goodwill exercised reasonable care is an independent inquiry in a negligence claim and is not relevant to the issues raised by Tinsley on appeal. Accordingly, we do not address this contention.

[3] Tinsley's motion for reconsideration reiterated the claims asserted in her motion for summary judgment. For the same reasons discussed infra, we affirm the trial court's order denying Tinsley's motion for reconsideration.