# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KARL BENZ, an individual, and CATHERINE RILEY, an individual, | No. 72225-5-I (consol. w/No. 72520-3-I) |
| Appellants, | DIVISION ONE |
| v. | |
| JOHN RASHLEIGH, an individual, PETER C. OJALA, an individual, CARSON LAW GROUP, PS, a Washington corporation, and DOES 1 thru V, inclusive, | UNPUBLISHED OPINION |
| Respondents. | FILED: July 27, 2015 |

SPEARMAN, C.J. – In this consolidated appeal, Karl Benz and Catherine Riley challenge Snohomish County trial court orders dismissing their claims against John Rashleigh for failure to state a claim under CR 12(b)(6) and dismissing their claims against Peter Ojala and Carson Law Group, PS (Ojala) on summary judgment. Benz and Riley allege that Rashleigh and Ojala violated the Consumer Protection Act CPA) by committing perjury and conspiring to commit perjury in conjunction with the service of process in a separate King County lawsuit. Finding no error, we affirm.

## FACTS

Benz and Riley (Benz/Riley) are the subject of supplemental proceedings to enforce a judgment in King County Cause Number No. 12-2-06975-1, Town of

Skykomish v. Investors Property Services. Peter Ojala and the Carson Law Group

represent the Town of Skykomish in the King County matter.

In January 2014, in conjunction with the King County proceeding, Ojala hired

John Rashleigh to attempt service of process on Benz/Riley. On January 29, 2014,

Rashleigh unsuccessfully sought to serve Benz/Riley at a Tacoma address. In his

affidavit of attempted service, Rashleigh stated that he was unable to effect service

for the following reasons:

> The residence appeared to be abandoned. There was no
> furniture present in the house....The electricity has been
> turned off based on the residence being red tagged for non-
> payment.[1]

Relying in part on Rashleigh's affidavit, Ojala filed a motion to allow service by

electronic mail. The court granted the motion on February 6, 2014, under CR 4(e)(1),

based "on the defendants' demonstrated ability to correspond and receive

correspondence with the Court. . . ."[2]

Benz/Riley eventually stipulated to a waiver of the challenge to proper service

in the King County proceeding, but later moved to strike the stipulation. By order

entered June 19, 2014, the King County trial court denied the motion, concluding that

Benz/Riley had provided "no persuasive evidence of any lawful reason or irregularity

to grant any of the relief requested. . . ."[3]

---

[1] Clerk's Papers (CP) at 331.

[2] CP at 273.

[3] CP at 99. Benz/Riley's appeal in the King County proceeding from an order denying their motion to vacate a subsequent judgment and an order of contempt is currently pending under No. 72735-4-I (consolidated with 73030-4-I).

On May 20, 2014, Benz/Riley filed this action against Rashleigh, Ojala, and Carson Law Group. The Complaint for Deceptive Acts and Business Practices (Perjury), and For Conspiracy alleged that Rashleigh committed perjury in his affidavit of attempted service by declaring that there was no furniture in the house and that nonpayment was the reason the electricity was turned off. Benz/Riley also asserted that Rashleigh's affidavit failed to record his process server registration number or the county in which he is registered as required by RCW 18.180.030. The complaint maintained that the furniture remained in the house at the time of the attempted service and that Riley had requested the electricity be turned off in December 2013 because of suspected diversion.

The complaint further alleged that Ojala and the Carson Law Group had committed perjury and conspired with Rashleigh to commit perjury by relying on Rashleigh's declaration to obtain the order authorizing electronic mail service in the King County proceeding. Benz/Riley alleged that as a result of the defendants' wrongful acts, they suffered damages

> in the approximate sum of $5,431.69 [and as a result of the defendants'] extreme bad faith, and fraudulent, wanton and recklessness in committing perjury, Plaintiffs were under threat of having bench warrants issued for their arrest, forcing them to locate and retain special legal counsel at great cost to them and thereby causing severe emotional stress, mental anguish, undue suffering and inconvenience.[4]

On June 17, 2014, the trial court dismissed Benz/Riley's claims as to Rashleigh under CR 12(b)(6). On July 22, 2014, the trial court denied Ojala's anti-SLAPP motion to strike under RCW 4.24.555, but dismissed Benz/Riley's claims on

---

[4] CP at 38.

No. 72225-5-I/4
(consol. w/No. 72520-3-I)

summary judgment. The court characterized Benz/Riley's action as "forum shopping"[5] because the issues were previously resolved in the King County proceeding. The court also incorporated the June 19, 2014 King County order denying Benz/Riley's motion to strike the stipulation to service.

Benz/Riley appeal both orders of dismissal.

DISCUSSION

CR 12(b)(6) Failure to State a Claim

Benz/Riley contend that the trial court erred in dismissing their claims against Rashleigh under CR 12(b)(6). They argue that Rashleigh's perjury and conspiracy to commit perjury constituted unfair or deceptive acts or practices that support their claims under the Washington Consumer Protection Act, chapter 19.86 RCW.

Dismissal under CR 12(b)(6) is appropriate only if it "'appears beyond doubt'" that the plaintiff cannot prove any set of facts that would justify recovery. Burton v. Lehman, 153 Wn.2d 416, 422, 103 P.3d 1230 (2005) (quoting Tenore v. AT & T Wireless Servs., 136 Wn.2d 322, 330, 962 P.2d 104 (1998)). We accept all facts alleged in the complaint as true, and we "'may consider hypothetical facts not included in the record.'" Burton at 422, (quoting Tenore, 136 Wn.2d at 330). But "[i]f a plaintiff's claim remains legally insufficient even under his or her proffered hypothetical facts, dismissal pursuant to CR 12(b)(6) is appropriate." Gorman v. Garlock, Inc., 155 Wn.2d 198, 215, 118 P.3d 311 (2005). We review CR 12(b)(6)

_____

[5] CP at 61.

-4-

No. 72225-5-I/5
(consol. w/No. 72520-3-I)

dismissals de novo. FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962, 331 P.3d 29 (2014).

To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784, 719 P.2d 531 (1986). The failure to establish even one of these elements is fatal to the claim. Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 74, 170 P.3d 10 (2007).

Benz/Riley claim that by means of Rashleigh's acts of perjury and conspiracy, the defendants circumvented the requirements of personal service and obtained an order for electronic service, thereby resulting in "the damage done to Benz and Riley."[6]

Benz/Riley's complaint expressly established that they were not living in the house at the time of the attempted service and that the electricity was in fact red-tagged and turned off. Given these undisputed circumstances, Benz/Riley have not identified any alleged facts or hypothetical facts, or any supporting legal argument, suggesting that the alleged deceptive acts, including the false statements about furniture and the reason for the red-tag, resulted in the issuance of the order permitting electronic service or otherwise caused their alleged injuries. Because

---

[6] Br. of Appellant at 14.

Benz/Riley failed to allege any facts establishing causation, the trial court properly dismissed their claims against Rashleigh under CR 12(b)(6).

Summary Judgment

Benz/Riley contend that the trial court erred in dismissing their CPA claim against Ojala on summary judgment. When reviewing a grant of summary judgment, an appellate court undertakes the same inquiry as the trial court. Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). We consider the evidence and the reasonable inferences therefrom in the light most favorable to the nonmoving party. Schaaf v. Highfield, 127 Wn.2d 17, 21, 896 P.2d 665 (1995). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); White v. State, 131 Wn.2d 1, 9, 929 P.2d 396 (1997).

Benz/Riley's primary contention is that Ojala failed to submit "**uncontroverted facts**"[7] and evidence demonstrating the absence of a genuine factual issue. But their arguments rests on the dissent in Young v. Key Pharms., Inc., 112 Wn.2d 216, 770 P.2d 182 (1989) and a misunderstanding of the parties' respective burdens on summary judgment. See Young, 112 Wn.2d at 235 (Dore, J., dissenting).

The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Id. In support of summary judgment, Ojala noted that for purposes of a CPA claim, the provision of

---

[7] Br. of Appellant at 23.

legal services "does not generally fall within the definition of 'trade or commerce,'" except as it relates to the "entrepreneurial aspects" of the practice of law. Eriks v. Denver, 118 Wn.2d 451, 463, 824 P.2d 1207 (1992) (citing Short v. Demopolis, 103 Wn.2d 52, 60-61, 691 P.2d 163 (1986)). The entrepreneurial aspects of legal practice generally encompass "how the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients." Id. at 464 (quoting Short v. Demopolis, 103 Wn.2d 52, 61, 691 P.2d 163 1984)).

In addition, relying on a Connecticut decision, this court has concluded that private CPA claims may not be raised against an opposing party's attorney:

> Providing a private cause of action under CUTPA [Connecticut Unfair Trade Practices Act] to a supposedly aggrieved party for the actions of his or her opponent's attorney would stand the attorney-client relationship on its head and would compromise an attorney's duty of undivided loyalty to his or her client and thwart the exercise of the attorney's independent professional judgment on his or her client's behalf.

Jeckle v. Crotty, 120 Wn. App. 374, 384-85, 85 P.3d 931, 937 (2004) (quoting Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 727, 627 A.2d 374 (1993)). Given "the potential for affecting the existing attorney/client relationship," a CPA action does not lie even when the plaintiffs' allegations related to both the legal and business aspects of the defendants' law practice. Jeckle, 120 Wn. App. at 385 (affirming trial court dismissal of CPA claim under CR12(b)(6)).

Under the circumstances, Ojala satisfied the initial burden of demonstrating the absence of a material factual dispute. The burden then shifted to Benz/Riley to demonstrate a genuine issue for trial. Benz/Riley assert that "[t]here is a genuine

issue as to material facts in this matter as shown in the pleadings."[8] But the nonmoving party cannot defeat a properly supported motion for summary judgment by relying on the pleadings. Rather, Benz/Riley "must set forth specific facts by affidavit or otherwise that show a genuine issue exists." Las v. Yellow Front Stores, Inc., 66 Wn. App. 196, 198, 831 P.2d 744 (1992).

Benz/Riley failed to submit or identify any evidence suggesting that Ojala's actions in the King County proceeding, including the filing of the affidavit of attempted service, constituted entrepreneurial activity or that any material issue remains for trial. The trial court properly dismissed Benz/Riley' claims against Ojala on summary judgment.[9]

Motion to Recuse

Benz/Riley contend that the trial judge erred in denying their motion for recusal at the beginning of the hearing on Ojala's motion to dismiss. We review the trial court's denial of a motion to recuse for an abuse of discretion. West v. Wash. Ass'n of Cnty Officials, 162 Wn. App. 120, 136, 252 P.3d 406 (2011).

A judge who harbors a bias against a party, or a judge whose impartiality might reasonably be questioned, must recuse himself or herself from hearing a matter. West, 162 Wn. App. at 136–37. We begin our analysis, however, with the presumption that a trial court acts "without bias or prejudice;" the party seeking recusal must "support the claim with evidence of the trial court's actual or potential

---

[8] Br. of Appellant at 23.

[9] Because the trial court properly dismissed Benz/Riley's claims on summary judgment, we need not address Ojala's alternative arguments.

bias." Id. Consequently, a trial judge's adverse ruling, without more, does not support the slightest inference of bias. See Rhinehart v. Seattle Times Co., 51 Wn. App. 561, 579–80, 754 P.2d 1243 (1988).

Benz/Riley allege that the trial judge was biased when ruling on Ojala's motion for summary judgment. They speculate that because he had earlier granted Rashleigh's motion to dismiss, the judge was in "the unfortunate position of either ruling on the evidence as presented and possibly go against his prior ruling, or find a way to still dismiss against Ojala and Carson and protect his prior ruling."[10] Benz/Riley cite no authority to support this proposition. Nor have they identified a shred of evidence suggesting the trial judge was biased. The trial court did not abuse its discretion in denying the motion to recuse.

## CR 11 Sanctions

Benz/Riley contend that the trial court erred in imposing CR 11 sanctions. Because they raise this contention for the first time in their reply brief, we decline to consider it. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

## Attorney Fees on Appeal

Ojala requests an award of attorney fees for a frivolous appeal. See RAP 18.9(a). An appeal is frivolous "if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." In re Marriage of Foley, 84

---

[10] Br. of Appellant at 22.

No. 72225-5-I/10
(consol. w/No. 72520-3-I)

Wn. App. 839, 847, 930 P.2d 929 (1997). We consider the record as a whole and resolve all doubts against finding an appeal frivolous. Delany v. Canning, 84 Wn. App. 498, 510, 929 P.2d 475 (1997). Applying this standard, we decline to award attorney fees for a frivolous appeal.

Affirmed.

Spelman, C.J.

WE CONCUR:

Leach, J.