# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

MOUNTAIN HIGH ASSOCIATION OF APARTMENT OWNERS, a Washington nonprofit corporation,

        Respondent,

v.

SAMUEL D. TURNER and JANE DOE TURNER, husband and wife or state registered domesticated partners; and LILLIAN L. RAMBUS and JOHN DOE RAMBUS, wife and husband or state registered domesticated partners,

        Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 74529-8-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: January 17, 2017

SPEARMAN, J. — Samuel Turner and Lillian Rambus appeal the grant of summary judgment in favor of Mountain High Association of Apartment Owners for the collection of delinquent condominium assessments. They contend that there are genuine issues of material fact and that the trial court abused its discretion in refusing to consider their untimely response to the summary judgment motion. Finding no error, we affirm.

## FACTS

Mountain High Association of Apartment Owners (Association), a Washington corporation, manages the Mountain High condominium in Seattle. Appellants Samuel Turner and Lillian Rambus (collectively Rambus) own unit 411 in the condominium.

Starting in about 2012, Rambus became delinquent in paying certain condominium assessments. She made irregular payments for several years, but never paid the alleged outstanding amounts in full.

On June 22, 2015, the Association filed this action in King County Superior Court against Rambus, seeking a judgment for delinquent assessments, collection costs, and attorney fees. Rambus filed an answer disputing some of the alleged delinquent amounts.

On October 8, 2015, the Association moved for summary judgment. The Association noted the motion for a hearing on November 6, 2015.

At some point, Rambus apparently informed the trial court that she had a conflict for the week of the scheduled hearing date and asked for a continuance. The trial court continued the hearing to December 11, but ruled that the deadline for Rambus's response would remain as originally scheduled. See CR 56(c). Rambus did not file a response to the summary judgment motion until December 8, three days before the hearing.

When the parties appeared for the hearing on December 11, Rambus acknowledged that she understood the trial court had granted a continuance for the hearing date but did not extend the date for filing the response. She explained that she was self-represented and had underestimated the amount of work involved. Because Rambus had not provided the judge with a copy or served a copy on the Association, the trial court sustained the Association's objection and declined to consider the response. The court permitted Rambus to present an extensive

argument, but commented that much of her argument was unsupported by any evidence in the record.

At the conclusion of the hearing, the trial court granted summary judgment and entered a judgment in favor of the Association for about $9,000, including attorney fees. Rambus appeals.

## ANALYSIS

On appeal, Rambus contends that the trial court erred in entering summary judgment. She argues that there are disputed factual issues about the amount of the delinquency, the payments she has made, and the amount of the attorney fee award.

When reviewing a grant of summary judgment, an appellate court undertakes the same inquiry as the trial court. Wilson v. Steinbach, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). We consider the evidence and all reasonable inferences in the light most favorable to the nonmoving party. Schaaf v. Highfield, 127 Wn.2d 17, 21, 896 P.2d 665 (1995). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); White v. State, 131 Wn.2d 1, 9, 929 P.2d 396 (1997).

The moving party can satisfy its initial burden under CR 56 by demonstrating the absence of evidence supporting the nonmoving party's case. Young v. Key Pharms., Inc., 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989). The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue for

trial. <u>Kendall v. Douglas, Grand & Okanogan Counties Public Hosp. Dist. No. 6</u>, 118 Wn.2d 1, 8-9, 820 P.2d 497 (1991).

In support of its motion for summary judgment, the Association identified the legal basis for the assessments and submitted a copy of the Association ledger documenting the amount of delinquent assessments and Rambus's payments. The Association also provided a detailed billing record to support its request for attorney fees. The Association therefore satisfied its initial burden under CR 56 of demonstrating that it was entitled to judgment as a matter of law.

> Once the moving party has met its initial burden under CR 56,
>
> the non-moving party may not rely on the allegations in the pleadings but must set forth specific facts by affidavit or otherwise that show a genuine issue exists. Additionally, any such affidavit must be based on personal knowledge admissible at trial and not merely on conclusory allegations, speculative statements or argumentative assertions.

<u>Las v. Yellow Front Stores, Inc.</u>, 66 Wn. App. 196, 198, 831 P.2d 744 (1992) (citations omitted).

Our review of an order granting summary judgment is limited to those materials properly before the trial court. <u>See</u> RAP 9.12. Here, Rambus failed to submit any materials opposing summary judgment in accordance with the deadline that the trial court set when it continued the hearing date, and the court later rejected her untimely response. Nor has Rambus identified any evidence in the record before the trial court that demonstrates a material factual issue. The trial court properly granted the Association's motion for summary judgment.

Much of Rambus's briefing on appeal consists of conclusory allegations of fact, unsupported by any meaningful reference to the appellate record. See RAP 10.3(a)(5) (party must include reference to the record for each factual statement in brief). Although we are mindful of the difficulties Rambus faced when proceeding pro se, we will hold self-represented litigants to the same standard as an attorney. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

Rambus also contends that the trial court erred in refusing to consider her response, which she filed three days before the summary judgment hearing. Neither the trial judge nor the Association had received a copy of the response when the parties appeared for the summary judgment hearing. Relying on CR 56(f), Rambus argues that the trial court should have extended the deadline for filing her response when it continued the hearing from November 6 to December 11.

> CR 56(f) provides that when a nonmoving party
>
> cannot present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The party seeking a continuance under CR 56(f) must offer a good reason for the delay and provide an affidavit stating what evidence the party seeks and how it will raise an issue of material fact to preclude summary judgment. Durand v. HIMC Corp., 151 Wn. App. 818, 828, 214 P.3d 189 (2009); CR 56(f). We review the trial court's denial of a CR 56(f) continuance for an abuse of discretion. Durand, 151 Wn. App. at

828 (citing Qwest Corp. v. City of Bellevue,161 Wn.2d 353, 369, 166 P.3d 667 (2007)).

Contrary to her allegations, nothing in the record indicates that Rambus actually requested a continuance under CR 56(f). She has not provided this court with her affidavit supporting a CR 56(f) motion for a continuance or any record of the trial court's ruling, including her request for the continuance, the parties' arguments, and the trial court's decision. At the summary judgment hearing, Rambus clearly acknowledged her understanding that the deadline for her response remained unchanged when the trial court continued the hearing date. She raised no objection to the provisions of the trial court's continuance and did not move for a continuance during the course of the hearing. On the record before us, Rambus has failed to demonstrate any trial court error or abuse of discretion.[1]

The Association requests an award of attorney fees on appeal. See RAP 18.1(a). Under RCW 64.34.364(14), an association may recover reasonable costs and attorney fees "incurred in connection with the collection of delinquent

---

[1] The parties have not addressed the potential relevance of Keck v. Collins, 184 Wn.2d 358, 362, 357 P.3d 1080 (2015), in which our Supreme Court held that the trial court must apply the factors in Burnet v. Spokane Ambulance, 131 Wn.2d 484, 933 P.2d 1036 (1997), when ruling on a motion to strike untimely evidence submitted in response to a motion for summary judgment. As we noted, the record indicates that Rambus did not seek a continuance under CR 56(f) or request a continuance at the summary judgment hearing. Moreover, Rambus's untimely declaration consisted solely of conclusory allegations, including allegations disputing some of the assessments and the reasonableness of attorney fees. Rambus also requested a judgment for defamation. When viewed in the light most favorable to Rambus, the declaration and the attached documents do not raise a genuine factual dispute about the validity or amount of the delinquent assessments and fees. See, Grimwood v. Univ. of Puget Sound, Inc., 110 Wn.2d 355, 359-60, 753 P.2d 517 (1988) (unsupported conclusory assertions are insufficient to defeat summary judgment). Consequently, even if the trial court should have considered Rambus's untimely response, summary judgment in favor of the Association was proper.

assessments" and if the association "prevails on appeal." Section 19.5 of the Mountain High Covenants, Conditions, Restrictions, and Reservations also provides for the award of attorney fees following a successful action to collect delinquent assessments. Accordingly, the Association is awarded reasonable attorney fees and costs on appeal, subject to compliance with RAP 18.1(d).

Affirmed.

_Spearman, J._

WE CONCUR:

_Leach, J._          _Appelwick, J._