# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2017 JUN 12 AM 10: 39

| | |
|---|---|
| HARMONY NASON,<br><br>               Appellant,<br><br>               v.<br><br>HOBAN AND ASSOCIATES, INC. d/b/a<br>COAST REAL ESTATE SERVICES,<br>HARMONY HOUSE EAST<br>ASSOCIATION, COMPASS HEALTH<br>As successors to Family Counseling<br>Services of Snohomish County, AND<br>DOES 1-20, Inclusive,<br><br>               Respondents. | No. 74011-3-I<br><br>DIVISION ONE<br><br><br><br><br><br><br><br>UNPUBLISHED OPINION<br><br>FILED: June 12, 2017 |

MANN, J. — To defeat a properly supported motion for summary judgment, the nonmoving party may not rely on the allegations set forth in the complaint, but must identify evidence establishing a genuine factual issue for trial. Harmony Nason failed to respond to the defendants' motion for summary judgment and did not submit or identify any admissible evidence supporting her claims under state and federal law. The trial court granted the defendants' motion and dismissed Nason's claims on summary judgment. We affirm.

FACTS

Harmony House East Association (HHEA) is a nonprofit organization that owns Harmony House East (Harmony House), a three-bedroom group residence in Monroe, Washington. Harmony House receives funding from the United States Department of Housing and Urban Development (HUD) under section 811 of the Cranston-Gonzalez National Affordable Housing Act of 1990 (Section 811), 42 U.S.C. § 8013. Each of the three bedrooms at Harmony House is rented at a subsidized rate to a person who has a chronic mental illness. The residents share common areas of the home, including the kitchen, bathrooms, and living room.

Nason, who suffers from chronic mental illness, entered into a lease with HHEA and became a tenant of Harmony House in August 2007. Nason was homeless before she moved into Harmony House. Nason's lease requires her to permit the landlord, or the landlord's agents, to enter the home to perform inspections, maintenance, and repairs.

For approximately five years, between April 2010 and late 2014, Coast Real Estate Services (Coast) provided property management services for Harmony House. Because of the nature of the property and its tenants, Harmony House requires enhanced property management. The property must undergo rigorous inspections to maintain its HUD funding. Additional funders of the affordable housing units also have the right to inspect the property.

After years of Nason repeatedly complaining to Coast and HHEA about scheduling and insufficient advanced notice to tenants when entry into the house was required, Nason filed a housing discrimination complaint with the Washington State

-2-

Human Rights Commission (Commission) in 2012. Nason alleged that Coast and HHEA refused to reasonably accommodate her disability. The Commission conducted an investigation and in December 2012, concluded that the "preponderance of the evidence does not support a finding that Respondent failed to reasonably accommodate Complainant's disability." The Commission further concluded:

> Respondent and Complainant engaged in a prolonged interactive process to determine a way to accommodate Complainant's request for notice of entry and to allow for Respondent's business needs and support of the home. Although Respondent did not grant Complainant's specific accommodation request, Respondent's reasonable accommodation of prior written notice for maintenance on two Thursdays per month with a three-hour window is a reasonable alternative accommodation.

In 2013, acting pro se, Nason filed a complaint against HHEA, Coast, and a third entity, Compass Health. Nason alleged that Compass Health, a provider of community mental health services, was contractually obligated to provide mental health support services to tenants of Harmony House and failed to do so. Nason also claimed that Compass Health personnel encouraged her to apply for housing at Harmony House while misrepresenting the nature of supportive services she would receive as a tenant. Nason's complaint also alleged that Coast stopped consistently providing 48-hours' notice prior to entry and generally failed to inform tenants when the scheduled maintenance would not occur. Based on these factual allegations, Nason asserted numerous causes of action under both state and federal law, including violations of the Washington Law Against Discrimination, ch. 49.60 RCW, the Fair Housing Act, 42 U.S.C. § 3601-3619; Section 811, section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Washington Consumer Protection Act, ch. 19.86 RCW; and the Residential Landlord-Tenant Act, ch. 59.18 RCW.

Compass Health was dismissed on summary judgment on June 6, 2014. Approximately one month later, in July 2014, counsel for HHEA and Coast took Nason's deposition and asked her about the factual basis for her claims against the remaining defendants and the nature of the relief she was seeking. Nason testified that through her lawsuit, she sought compliance with the prior notice requirements set forth in the Residential Landlord-Tenant Act of 1973, RCW 59.18.150(6), and she believed that reasonable accommodation of her disability should include involvement in the process of scheduling repairs and inspections. When asked whether she sought relief apart from accommodation with respect to maintenance, repairs, and inspections, Nason said she wanted "parties" to be "held accountable for the state the program is in," she sought "assistance with the program," and wanted the court to "revisit the function of the program." Nason did not specifically mention mental health services or any other supportive services.

During the deposition, Nason became increasingly reluctant to answer defense counsel's questions and eventually refused to continue until she was able to retain counsel. Defense counsel agreed to continue the deposition and asked Nason to inform him when she hired counsel so that he could renote the deposition. Although an attorney represented Nason for a brief period thereafter, neither Nason nor her attorney rescheduled the deposition during that period.

On July 31, 2015, more than a year and a half after Nason filed her lawsuit, HHEA and Coast filed a motion for summary judgment. The defendants claimed there were no genuine issues of material fact to preclude summary judgment and that Nason could not establish the elements of the nine causes of action she raised.

-4-

Nason did not respond to the motion. Three days before the scheduled hearing on the defendants' summary judgment motion, Nason filed a motion to continue, under an incorrect cause number. She asserted that the defendants failed to respond to discovery requests she propounded in June 2014, and that without access to the information she sought through discovery, she could not "fully prove her case" or answer the motion for summary judgment. Nason did not provide an affidavit in support of the motion nor did she note the motion for a hearing.

Nason appeared at the summary judgment hearing and orally requested a continuance. She reiterated her claim that because the defendants had not responded to her outstanding requests for discovery, she lacked the evidence needed to support her claims. Specifically, she stated that she had requested copies of contracts involving HHEA, Coast, and Compass Health "to provide proof of responsibility."[1] The court denied the motion for a continuance because Nason failed to demonstrate that she was entitled to a continuance under CR 56(f) and granted the defendants' motion for summary judgment. Nason appeals the trial court's order granting summary judgment.[2]

## ANALYSIS

### I

When reviewing a grant of summary judgment, an appellate court undertakes the same inquiry as the trial court. Wilson v. Steinbach, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). We consider the evidence and the reasonable inferences therefrom in the light

---

[1] It appears from the record that Nason previously obtained the contracts between HUD and HHEA directly from HUD.

[2] After the court granted the defendants' motion, Nason filed a motion for reconsideration and an affidavit in support of her previously-filed motion to continue. The record on review does not include a ruling on this motion. Nason appeals only the court's August 28, 2015 order granting summary judgment in favor of the defendants.

most favorable to the nonmoving party. Schaaf v. Highfield, 127 Wn.2d 17, 21, 896 P.2d 665 (1995). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); White v. State, 131 Wn.2d 1, 9, 929 P.2d 396 (1997).

The specific application of this standard is subject to a burden-shifting scheme. The moving party can satisfy its initial burden under CR 56 by demonstrating the absence of evidence supporting the nonmoving party's case. Young v. Key Pharms., Inc., 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989). The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue for trial. Kendall v. Douglas, Grant, Lincoln & Okanogan Counties Pub. Hosp. Dist. No. 6, 118 Wn.2d 1, 8-9, 820 P.2d 497 (1991). In so doing, the nonmoving party "must set forth specific facts that sufficiently rebut the moving party's contentions" and "may not rely on speculation, argumentative assertions that unresolved factual issues remain, or in having its affidavits considered at face value." Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986).

If the plaintiff fails to meet this burden on an element for which the plaintiff bears the burden of proof at trial, then summary judgment is warranted "'since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" Young, 112 Wn.2d at 225 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). Where the nonmoving party fails to file a response to a motion for summary

-6-

judgment, the appellate court's review is limited to consideration of only those documents submitted by the moving party in support of the motion. Pearson v. Gray, 90 Wn. App. 911, 915, 954 P.2d 343 (1998).

II

Nason contends that the defendants failed to satisfy their initial burden on summary judgment because their motion failed to address causes of action she asserted in her complaint that were based on the defendants' failure to provide required supportive services to tenants of Harmony House. We disagree.

The defendants identified each cause of action Nason asserted in her lawsuit and sought dismissal of all claims. The defendants argued that Nason produced no evidence to support any of her claims and was not entitled to relief under any cause of action raised in her complaint. In support of their motion, the defendants submitted evidence outlining Coast's efforts to accommodate Nason's disability by providing advance notice, minimizing visits and entry to the house, and taking into account her scheduling requests to the extent it was able to do so without compromising its obligations to inspect and maintain the property. According to declaration testimony submitted by the defendants, following the negotiations in 2012, the defendants generally provided at least 48 hours' notice, often rescheduled maintenance upon Nason's requests, and informed Nason and other residents when entry was not required. Nevertheless, Nason continued to deny maintenance access to the property. The defendants also presented evidence to show that the Commission had considered similar allegations and determined that Nason was not denied reasonable accommodation. And while Nason's complaint raised allegations against Compass

Health based upon its failure to provide mental health and case management services to tenants, the defendants relied on Nason's deposition testimony to show that she was not raising similar claims with respect to Coast and HHEA.

The defendants therefore satisfied their initial burden under CR 56 of demonstrating an absence of evidence supporting Nason's claims. Contrary to Nason's argument, her vague deposition testimony expressing general dissatisfaction with "the program" does not provide support for a claim that either Coast or HHEA violated a legal or contractual obligation to provide or make available specific supportive services to Harmony House tenants.

> As explained, once the moving party has met its initial burden under CR 56,
>
> the non-moving party may not rely on the allegations in the pleadings but must set forth specific facts by affidavit or otherwise that show a genuine issue exists. Additionally, any such affidavit must be based on personal knowledge admissible at trial and not merely on conclusory allegations, speculative statements or argumentative assertions.

Las v. Yellow Front Stores, Inc., 66 Wn. App. 196, 198, 831 P.2d 744 (1992) (citations omitted). Nason's reliance on facts set forth in her complaint is to no avail. Even if the complaint alleged that Coast and HHEA were obligated to provide mental health services to Nason and failed to do so, she was not entitled to rely on those allegations in the absence of evidence to support them.

"On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court." RAP 9.12. Here, Nason failed to submit any evidence or materials opposing summary judgment. Even so, she contends the trial court improperly granted the defendants' motion without considering her previously-filed evidence that established

-8-

the existence of genuine issues of material fact precluding summary judgment. In particular, Nason claims that evidence in the record shows that following the Commission's decision, Coast failed to consistently provide 48 hours' advanced notice when entry into the house was required and often did not inform the tenants when the scheduled maintenance would not occur. She also maintains that the evidence establishes that the defendants were obligated and failed to provide supportive services to Harmony House tenants. However, the record citations she provides do not support her assertions of fact.[3] To the extent that Nason filed a 2013 declaration stating that "there has never been a support service plan in place for this home," and asserting that Coast ceased to comply with its earlier agreements with respect to notice and scheduling, Nason did not bring this evidence to the attention of the trial court. Therefore, we do not consider it. Based on the motion and supporting documents that were before the trial court, the trial court did not err in dismissing Nason's claims on summary judgment.

Affirmed.

WE CONCUR:

---

[3] Most, if not all, of the factual allegations in Nason's appellate brief are not supported by accurate references to the appellate record. See RAP 10.3(a)(5) (party must include reference to the record for each factual statement in brief).

-9-