Martin HOWELL and Martin Howell, Jr., a minor, Plaintiffs— Appellants,

and

Susan Howell, a married couple, and as parents and guardians of Martin Howell, Jr., a minor, Plaintiff,

v.

COUNTY OF SNOHOMISH; Snohomish County Corrections; Richard Steel, Detention Manager for Snohomish County Corrections, individually and in his official capacity; Nancy Gibson, Medical Unit Supervisor for Snohomish County corrections, individually and in her official capacity; Consolidated Food Management, Inc., a Washington corporation, jointly and severally, Defendants—Appellees.

No. 00–35569.

D.C. No. CV–99–00265–JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Dec. 18, 2001.

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Plaintiff Martin Howell slipped and fell while working as an inmate trustee in a kitchen at the Snohomish County Jail. He and his wife and son brought this action for damages against, among others, the County, which operates the jail, and Consolidated Food Management (CFM), which had a contract to manage the kitchen. The district court granted summary judgment to Defendants. On de novo review, we affirm.

We need not decide whether, under Washington law, Plaintiff properly is classified as a licensee (as Defendants argue) or as an invitee (as Plaintiff argues). Even if he were an invitee, summary judgment was properly granted.

Plaintiff testified at his deposition that he slipped on water or grease that had been spilled on the slick floor. Under Washington law, an owner or occupier of property may be liable to an invitee for injuries arising from a transitory unsafe condition on the property if the owner or occupier (1) caused the unsafe condition or (2) had actual or constructive knowledge that the unsafe condition existed. *See Pimentel v. Roundup Co.*, 100 Wash.2d 39, 666 P.2d 888, 893 (Wash.1983) (stating standards).

First, the record contains no evidence that the County, CFM, or any of their employees caused the puddle on the floor. Another inmate could have caused the puddle; its actual source is unknown.

Second, the record contains no evidence that the County or CFM had actual knowl-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

edge of the puddle. Indeed, the record shows the opposite.

■ Third, the record contains no evidence that the County or CFM had constructive knowledge of the puddle. Under Washington law, the plaintiff must show that the specific transitory condition existed long enough so that the owner or occupier of the property, in the exercise of reasonable care, would have found it and fixed it. *Pimentel*, 666 P.2d at 892–93. Here, the record does not show how long the puddle was on the floor before Plaintiff slipped on it. What little inferential evidence there is assists Defendants. Plaintiff himself had cleaned the area of the floor where he fell only 60 to 90 minutes before the accident. Additionally, the kitchen manager routinely walked around every 15 to 30 minutes to check for spills.

Finally, we are not persuaded that Plaintiff is relieved of his burden to show actual or constructive notice by Defendants' allegedly negligent procedures which, he argues, gave rise to an environment in which invitees likely would cause danger to other invitees. Washington courts have applied this exception narrowly, limiting its use to self-service operations. *Wiltse v. Albertson's Inc.*, 116 Wash.2d 452, 805 P.2d 793, 798 (Wash. 1991). The jail's kitchen is not in that category.

AFFIRMED.