# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SANDRA and ALFRED SMITH, a marital community | ) ) ) No. 68506-6-I ) |
| Appellants, | ) DIVISION ONE ) |
| v. | ) UNPUBLISHED OPINION ) |
| FOOD PAVILION, dba BROWN & COLE, a Washington corporation, | ) ) |
| Respondent. | ) FILED: April 29, 2013 ) |

APPELWICK, J. — Smith slipped on a puddle of water and fell at a Mount Vernon grocery store. In this action for personal injuries, she failed to establish a factual issue as to whether Food Pavilion had constructive notice of the unsafe condition or whether the condition was related to a self-service method of operation. We therefore affirm the trial court's dismissal of Smith's claims on summary judgment.

## FACTS

On May 24, 2010, Sandra Smith and her husband stopped for groceries at the Mount Vernon Food Pavilion. The couple proceeded to the meat counter at the rear of the store to look for chicken on sale. When Smith did not find the chicken, she left her cart and husband at the meat counter and walked to a checkstand at the front of the store.

After talking to one of the checkers, Smith started to retrace her steps back towards the meat counter. She had walked about 30 feet along the main front aisle when she slipped and fell, hitting her head on the floor. The fall left Smith unconscious for several minutes.

When she regained consciousness, Smith saw a puddle of clear liquid about 3 feet in diameter. The parties assume that the liquid was water.

The fall occurred near the "dollar aisle." There were no nearby freezers, refrigerators or other sources of water and no evidence that the roof was leaking. Smith's husband joined her shortly after the fall and observed a circular puddle of clear liquid on the floor. He did not see any foot tracks or cart tracks through the liquid.

Food Pavilion employee James Cross was working at a checkstand about 30 feet away from the location of the fall. He had not noticed the puddle before the accident and "guess[ed]" that a customer had probably spilled water from a container. According to Cross, the store did not prohibit customers from consuming beverages in the store while they shopped. At the time of the accident, Food Pavilion relied primarily on employees to report any spills they saw as they moved around the store.

On June 24, 2010, Smith filed this action for personal injuries, alleging that Food Pavilion had negligently failed clean up a known hazard. Food Pavilion moved for summary judgment. The trial court granted the motion, and Smith appeals.

DISCUSSION

I. Standard of Review

When reviewing a grant of summary judgment, an appellate court undertakes the same inquiry as the trial court. Schaaf v. Highfield, 127 Wn.2d 17, 21, 896 P.2d 665 (1995). We consider the evidence and the reasonable inferences therefrom in the light most favorable to the nonmoving party. Id. Summary judgment is

appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); White v. State, 131 Wn.2d 1, 9, 929 P.2d 396 (1997). The party opposing summary judgment "may not rely merely upon allegations or self-serving statements, but must set forth specific facts showing that genuine issues of material fact exist." Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Grp., Inc., 114 Wn. App. 151, 157, 52 P.3d 30 (2002).

II.   Constructive Notice

Generally, in order to be liable to a business invitee, the possessor of land must have actual or constructive notice of an unsafe condition. Ingersoll v. DeBartolo, Inc., 123 Wn.2d 649, 652, 869 P.2d 1014 (1994). Smith does not allege actual knowledge of the unsafe condition, but contends there is a factual issue as to whether Food Pavilion had constructive knowledge of the unsafe condition. Constructive notice arises if the condition "'has existed for such time as would have afforded [the proprietor] sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and to have removed the danger.'" Ingersoll, 123 Wn.2d at 652 (alteration in original) (quoting Smith v. Manning's, Inc., 13 Wn.2d 573, 580, 126 P.2d 44 (1942)).

The mere presence of water on the floor and a resulting fall are insufficient to support an inference that the proprietor permitted a dangerous condition to exist. Brandt v. Mkt. Basket Foods, 72 Wn.2d 446, 451, 433 P.2d 863 (1967); see also

Wiltse v. Albertson's Inc., 116 Wn.2d 452, 459, 805 P.2d 793 (1991). Here, the record contains no evidence suggesting how long the water had been on the floor. No one reported seeing the puddle before the accident. Shortly after the accident, Smith's husband did not observe any track marks through the liquid, an indication that it may have been there only a short time. Smith did not see the puddle as she passed by the area on her way to the checkstand. She suggests the spill may therefore have occurred during the period while she was talking to a checker. But, Smith estimated that time as no more than five minutes, and she has not identified any authority or evidence suggesting that this was a sufficient amount of time for Food Pavilion, in the exercise of reasonable care, to have discovered the spill and cleaned it up or posted warning signs. Smith failed to raise a material factual issue as to constructive notice.

III.   Self-Service Exception

Smith contends that even if she failed to establish constructive notice, a factual issue remains as to whether Food Pavilion was a "self-service" establishment. The plaintiff need not demonstrate actual or constructive notice of an unsafe condition if he or she can point to specific facts showing that the proprietor's method "of operation [is] such that the existence of unsafe conditions on the premises is reasonably foreseeable." Pimentel v. Roundup Co., 100 Wn.2d 39, 49, 666 P.2d 888 (1983).

Notice of specific hazards is unnecessary in such circumstances because the proprietor's "mode of operation" creates certain foreseeable risks of harm to the

-4-

customers. Ciminski v. Finn Corp., 13 Wn. App. 815, 820, 537 P.2d 850 (1975). But the self-service exception applies only "if the unsafe condition causing the injury is 'continuous or foreseeably inherent in the nature of the business or mode of operation.'" DeBartolo, 123 Wn.2d at 653-54 (quoting Wiltse, 116 Wn.2d at 461). "There must be a relation between the hazardous condition and the self-service mode of operation of the business." DeBartolo, 123 Wn.2d at 654.

Smith relies primarily on evidence that Food Pavilion did not prohibit customers from consuming beverages while shopping, including beverages brought in from outside the store or beverages purchased from the store's deli counter. She contends that it was therefore reasonably foreseeable that spills might occur in areas where customers would congregate and wait in line around the checkstands.

Smith's accident occurred some 30 feet away from the checkstands. She submitted no evidence tending to show that customers congregated in the area near the fall, either generally when the store was busy or at the time of the accident. Nor is there material evidence in the record about Food Pavilion's method of operation, including the nature of items sold at the deli counter, the frequency of resulting debris or substances on the floor, the frequency with which customers consumed beverages brought from outside, and the history and frequency of similar accidents prior to Smith's fall. See Debartolo, 123 Wn.2d at 654-55.

In summary, Smith failed to present evidence tending to show that Food Pavilion's method of operation made the existence of unsafe conditions reasonably

foreseeable. Because Smith also failed to demonstrate a factual issue as to constructive notice, the trial court properly entered summary judgment. See Id.

Affirmed.

_Appelwick, J._

WE CONCUR:

_Dwyer, J._          _Leach, C.J._