**FILED**
**DECEMBER 14, 2017**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CHERYL N. McPHERSON and JACKIE E. McPHERSON, wife and husband, | ) ) ) | No. 34696-0-III |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| WAL-MART STORES, INC., a Delaware corporation, | ) ) ) | |
| Respondent. | ) ) | |

PENNELL, J. — The McPhersons appeal a summary judgment order, dismissing

their negligence claims arising from a slip and fall at Walmart. We affirm.

FACTS

Cheryl McPherson was injured after she slipped and fell in the shampoo aisle of a Walmart store in Sunnyside, Washington. The fall took place just after 5:00 p.m. After the incident, a store manager noted a shampoo bottle that had been knocked over on one of the shelves, resulting in some clear shampoo spilling down onto the floor. The spilled shampoo was deemed to be the cause of Mrs. McPherson's fall.

The store manager reviewed video surveillance of the aisle where Mrs. McPherson fell. According to a declaration from the manager, the video showed a Walmart associate had checked the condition of the shampoo aisle between 4:04 p.m. to 4:06 p.m. Later, at 4:53 p.m., the manager observed two women handling bottles of shampoo in the area where Mrs. McPherson's fall occurred. One of these women placed a shampoo bottle on the shelf in the same spot where the manager later discovered the shampoo bottle that spilled onto the floor. The manager declared that no one had notified Walmart of any spills in the shampoo aisle prior to Mrs. McPherson's fall.

After the McPhersons sued for negligence, Walmart successfully moved for summary judgment. The trial court agreed with Walmart that the McPhersons lacked evidence the store had actual or constructive notice of the shampoo spill. Thus, the McPhersons were unable to support their claim that Walmart failed to maintain a safe

No. 34696-0-III
*McPherson v. Wal-Mart Stores, Inc.*

business premises. The McPhersons appeal.

## ANALYSIS

This court reviews an order granting summary judgment de novo. *Lyons v. U.S. Bank Nat'l Ass'n*, 181 Wn.2d 775, 783, 336 P.3d 1142 (2014). We engage in the same inquiry as the trial court, viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Id.* Summary judgment is appropriate if the record demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

In order to meet its burden on summary judgment, a moving party must show there are no genuine issues of material fact. *Elcon Constr., Inc. v. E. Wash. Univ.*, 174 Wn.2d 157, 169, 273 P.3d 965 (2012). Alternatively, the moving party can meet its summary judgment burden by challenging the sufficiency of the evidence supporting an essential element of the plaintiff's claim. *Carlyle v. Safeway Stores, Inc.*, 78 Wn. App. 272, 275, 896 P.2d 750 (1995); *see also Arment v. Kmart Corp.*, 79 Wn. App. 694, 696, 902 P.2d 1254 (1995). If the moving party can successfully meet one of these standards, the burden shifts to the nonmoving party to "set forth specific facts rebutting the moving party's contentions." *Elcon Constr.*, 174 Wn.2d at 169. If the nonmoving party fails to meet this burden, then summary judgment is appropriate. *Id.* at 170; *Atherton Condo.*

3

No. 34696-0-III
*McPherson v. Wal-Mart Stores, Inc.*

*Apartment-Owners Ass'n Bd. v. Blume Dev. Corp.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990). A nonmoving party cannot meet its burden through "speculative and argumentative assertions." *Adams v. King County*, 164 Wn.2d 640, 647, 192 P.3d 891 (2008).

*Constructive notice*

In order to be liable to a business invitee[1] for an unsafe property condition, an owner must have actual or constructive notice of the unsafe condition. *See Ingersoll v. DeBartolo, Inc.*, 123 Wn.2d 649, 652, 869 P.2d 1014 (1994). The McPhersons do not assert Walmart had actual notice of the shampoo spill; all of their arguments are limited to constructive notice. "Constructive notice arises where the condition 'has existed for such time as would have afforded [the proprietor] sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and to have removed the danger.'" *Id.* (alteration in original) (quoting *Smith v. Manning's, Inc.*, 13 Wn.2d 573, 580, 126 P.2d 44 (1942)).

In its motion for summary judgment, Walmart argued there were no facts showing the shampoo spill had been on the floor long enough to provide constructive notice. Walmart submitted the declaration of its store manager, who averred the shampoo aisle

---

[1] The parties do not dispute that Mrs. McPherson was a business invitee.

4

had been checked less than an hour before Mrs. McPherson's fall and that the shampoo spill must have occurred approximately eight minutes before the slip and fall, when two women were observed handling what appeared to have been the leaky shampoo bottle. Walmart also produced an excerpt of its surveillance video that showed the Walmart employee checking the shampoo aisle approximately one hour before Mrs. McPherson's fall through the time from when the two women handled the bottle and the fall. According to Walmart, eight minutes is not sufficient time to provide constructive notice of a shampoo spill.

The McPhersons do not challenge Walmart's assertion that eight minutes is insufficient for constructive notice. Indeed, our case law indicates a much longer period of time would be required for constructive notice of a shampoo spill. *Carlyle*, 78 Wn. App. at 278. Rather than arguing over the adequacy of eight minutes, the McPhersons argue the record is unclear as to whether the spill actually happened eight minutes prior to the fall, when the two women handled the suspect bottle. The McPhersons claim the location of the bottle was not consistent with that of the slip and fall. Accordingly, the McPhersons assert there are issues of material fact as to whether the spill was in the aisle for enough time to provide constructive notice.

We are unpersuaded. It is the McPhersons' burden to establish the spill was on the floor for sufficient time to constitute constructive notice. *Wiltse v. Albertsons Inc.*, 116 Wn.2d 452, 458, 805 P.2d 793 (1991) ("The constructive notice rule requires the plaintiff to establish how long the specific dangerous condition existed in order to show that the proprietor should have noticed it."). Merely pointing out that the spill could have been on the floor for longer than eight minutes is not enough to carry this burden. Because the McPhersons have failed to present evidence the shampoo was, in fact, on the floor for a period long enough to make out a colorable claim of constructive notice, Walmart was entitled to summary judgment. *Id.* at 458-59; *Ingersoll*, 123 Wn.2d at 654 (summary judgment appropriate when plaintiff fails to rebut the defendant's showing of an absence of actual or constructive notice).

*Self-service exception*

The McPhersons also argue they should be excused from proving constructive notice under the self-service exception, as recognized by our Supreme Court in *Pimentel v. Roundup Co.*, 100 Wn.2d 39, 49, 666 P.2d 888 (1983). The *Pimentel* court held that in a premises liability action, a plaintiff need not prove actual or constructive notice "when the nature of the proprietor's business and his methods of operation are such that the existence of unsafe conditions on the premises is reasonably foreseeable." *Id.*

6

Despite its name, *Pimentel*'s self-service exception has not been applied to all self-service areas where customers retrieve items from store shelves. *Ingersoll*, 123 Wn.2d at 653. Most stores operate under a self-service model. *Id.* Yet not all store areas present the types of readily apparent hazards discussed in *Pimentel*. A plaintiff who has sustained injuries in a self-service section of a store is not automatically excused from proving actual or constructive notice. *Arment*, 79 Wn. App. at 698. Instead, to avoid proving notice, the plaintiff must establish the defendant's particular self-service operation makes the existence of unsafe conditions reasonably foreseeable. *Pimentel*, 100 Wn.2d at 49-50.

To meet *Pimentel*'s self-service exception, a plaintiff must show the unsafe condition giving rise to injury was "'continuous or foreseeably inherent in the nature of the business or mode of operation.'" *Ingersoll*, 123 Wn.2d at 653 (quoting *Wiltse*, 116 Wn.2d at 461). Specific to this case, the McPhersons needed to provide evidence such as: (1) the frequency of shampoo spills at the Sunnyside Walmart, (2) the number of store associates assigned to clean such spills, (3) the frequency of checks for spills by store associates, (4) the number of injuries caused by slip and fall incidents involving shampoo spills, and (5) whether Walmart encourages patrons to report spills, etc. *See Ingersoll*, 123 Wn.2d at 654-55. No such evidence is in the record. The McPhersons

7

No. 34696-0-III
*McPherson v. Wal-Mart Stores, Inc.*

therefore have not established facts sufficient to trigger application of *Pimentel*'s self-service exception.

## CONCLUSION

The trial court's order of summary judgment in favor of Walmart is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

I CONCUR:

_____
Fearing, C.J.

8

No. 34696-0-III

LAWRENCE-BERREY, J. (concurring) — I write separately to express my disagreement with the last paragraph prior to the conclusion of the majority opinion. The majority errs by interpreting *Ingersoll v. DeBartolo, Inc.*, 123 Wn.2d 649, 869 P.2d 1014 (1994) as requiring a plaintiff to provide evidence of five factors in all cases where the plaintiff seeks to come within the exception found in *Pimentel v. Roundup Co.*, 100 Wn.2d 39, 49, 666 P.2d 888 (1983). Evidence of these factors is not required in cases where, as here, the plaintiff was injured in an area of the self-service store where hazards are apparent. A place where slippery products are constantly handled constitutes such an area.

In *Ingersoll*, the question was whether the self-service exception to notice applied to the area where the plaintiff slipped and fell. Marjorie Ingersoll slipped and fell in the common area of the Tacoma Mall. 123 Wn.2d at 650-51. She testified that she slipped on something clear, perhaps melted ice cream. *Id.* The *Ingersoll* court refused to apply the *Pimentel* self-service store exception because Ingersoll failed to "produce any evidence . . . that the nature of the business and methods of operation of the Mall are such that unsafe conditions are reasonably foreseeable *in the area* in which she fell." *Id.* at 654 (emphasis added). The court then explained that the record was silent as to the existence of five factors, factors which might shed light on the nature of the Mall's business and methods of operation. The *Ingersoll* court did not hold that a plaintiff must produce evidence

of these five factors in every case to come within the *Pimentel* exception. These factors have never been required in cases where the slip and fall occurred in an area of a self-service store where hazards were apparent.

The *Pimentel* self-service store exception to notice has been applied in Washington "only when the slip-and-fall happens in an area where there is constant handling of slippery products." *Schmidt v. Coogan*, 135 Wn. App. 605, 610, 145 P.3d 1216 (2006), *rev'd on other grounds*, 162 Wn.2d 488, 173 P.3d 273 (2007) *accord Morton v. Lee*, 75 Wn.2d 393, 397-98, 450 P.2d 957 (1969) (outdoor produce display); *O'Donnell v. Zupan Enters., Inc.*, 107 Wn. App. 854, 856, 28 P.3d 799 (2001) (grocery store check-out aisle); *Ciminski v. Finn Corp.*, 13 Wn. App. 815, 823-24, 537 P.2d 850 (1975) (cafeteria buffet line); *see also Wiltse v. Albertson's Inc.*, 116 Wn.2d 452, 461, 805 P.2d 793 (1991) ("*Pimentel* realized that certain departments of a store, such as the produce department, were areas where hazards were apparent and therefore the owner was placed on notice by the activity.").

In *State v. Schmidt*, Teresa Schmidt slipped and fell on shampoo spilled in the shampoo aisle. 135 Wn. App. at 608. Surprisingly, the *Schmidt* court refused to apply the *Pimentel* exception because it determined that the constant handling of shampoo in the shampoo aisle did not constitute the constant handling of slippery products. *Id.* at 611-12. I agree with *Schmidt*'s statement of the law, but

2

disagree with its application of the law to its facts. I would hold that the constant handling of shampoo in the shampoo aisle constitutes the constant handling of slippery products.[1]

Here, Cheryl McPherson slipped and injured herself in the shampoo aisle. The shampoo aisle is an area of the store where slippery products are constantly being handled and, therefore, is an area where hazards are apparent. For this reason, I would hold that the *Pimentel* exception applies. *See Wiltse*, 116 Wn.2d at 461.

Although I would apply the *Pimentel* exception here, I would affirm the trial court's summary judgment dismissal of the McPhersons' claim. Even when the *Pimentel* exception applies, the plaintiff must still "establish liability by showing that the operator of the premises had failed to conduct periodic inspections with the frequency required by the foreseeability of risk." *Id.* (citing *Pimentel*, 100 Wn.2d at 49). The McPhersons failed to establish this, given the unrefuted evidence that Walmart inspects the shampoo aisle at least once per hour.

Lawrence-Berrey, J.

---

[1] Most areas of self-service stores do not contain areas where hazards are apparent. For example, hazards are not apparent in the following areas: greeting cards, clothing, entertainment, sports, electrical, plumbing, linens, cereal, and ground coffee. However, hazards are apparent in areas where items are wet, or where slippery substances in containers can be spilled, either by being dropped and broken or by being opened and spilled. Examples of these latter areas include: milk, creamer, shampoo, and liquid hand soaps and detergents.