# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DARCY L. JOHNSON, | No. 51414-1-II |
| Respondent, | |
| v. | |
| STATE OF WASHINGTON LIQUOR AND CANNABIS BOARD, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — a jury found the State liable for damages that Darcy L. Johnson suffered after she slipped and fell in a Washington State Liquor Store. The State appeals and argues that the trial court erred by denying its motion for judgment as a matter of law. We agree. Accordingly, we reverse the judgment, and remand to vacate the verdict and dismiss.

## FACTS

Johnson filed a complaint for damages against the State alleging that, on June 18, 2011, she was injured after slipping and falling when she entered a state-owned liquor store. The State filed a motion for summary judgment, arguing that there was no genuine issue of material fact as to notice and, therefore, the State was entitled to judgment as a matter of law. The trial court denied the State's motion for summary judgment.

The case proceeded to a jury trial. At trial, Jay Smiley, Steve Pallas, and Johnson testified regarding the events surrounding Johnson's slip and fall.

Smiley was the lead clerk of the liquor store. Smiley had worked at the liquor store for approximately three years. On the morning of June 18, 2011, Smiley opened the liquor store between 9:00 and 10:00 AM. Jay did not remember the ground being wet when he arrived at the store, and he testified that he believed it began raining approximately 15 minutes before Johnson entered the store. As a store employee, Smiley was supposed to put out a "slippery when wet" sign when it begins raining. Verbatim Report of Proceedings (VRP) (Sep. 18, 2017) at 90. However, he had not put it out yet because he was busy with other customers at the store.

Smiley was at the register when Johnson entered the store. He described the incident as follows:

> It was out of the corner of my eye kind of thing. I noticed a couple come in. I was helping somebody else at the register, and then it was kind of one of those things you just kind of catch, and then turn your head and she was on the ground.

VRP (Sep. 18, 2017) at 91.

After Johnson fell, Smiley placed the "slippery when wet" sign on the floor, but did not see any water on the floor. Smiley also did not have to mop the floor.

Smiley was not aware of any condition inside the store that would necessitate placing the warning sign. And before Johnson fell no other customers reported water on the floor, complained about the floor being slippery, or slipped inside the store. Smiley did not personally observe any water on the entryway floor. The following exchange also took place during Smiley's testimony,

> [State:]    Did you have any knowledge that there was anything unusual about the floors in this particular store that made them especially slippery when wet?
>
> [Smiley:]  No.

[State:]     To your knowledge was there anything special about the condition of the floors in this store as of June 18, 2011, that made them especially slippery when wet?

[Smiley:]   It was just another day.

[State:]     Nothing about the maintenance schedule or anything to put you on notice?

[Smiley:]   Not that I'm aware of, no.

VRP (Sep. 18, 2017) at 98.  Prior to Johnson's fall, nobody else had fallen in the store.

Pallas was Johnson's boyfriend at the time of the fall.  On the morning of June 18, after going to some garage sales, Pallas and Johnson went to the liquor store.  It was approximately 11:30 AM.  Pallas remembered that it had been raining all morning.

Pallas parked in front of the liquor store, and he and Johnson entered the store.  Pallas testified,

> I remember walking in the store, across the mat.  And I remember taking one step, with my first foot off the mat, I went to slip.  And I turned around to tell her to be care—and I didn't even get the full word "careful" out, and [Johnson] went down.

VRP (Sep. 18, 2017) at 148.  Pallas also testified that both the parking lot and the sidewalk were wet when they walked up to the liquor store.  Pallas did not observe any water on the floor where Johnson fell.  Pallas also testified that Smiley told him the floors had been polished the night before.

Johnson also testified that it was raining the morning of June 18.  Johnson remembered it being wet at all the garage sales she and Pallas went to that morning.  Around 11:30 that morning, Johnson and Pallas stopped at the liquor store.  Johnson described her fall,

> We got out of the truck and walked across the front entrance of the store, walked into the store. [Pallas] was in front of me not—just like a normal length you would walk behind somebody. I was just looking straight ahead. [Pallas] turned, and by that time, I had fallen down. I was on the ground already. He helped me up a little bit later.

VRP (Sep. 20, 2017) at 384. Johnson stated that the outside of her pant leg, which was on the ground, was wet. Johnson did not notice any water on the floor prior to her falling. After she fell, Johnson saw some water on the floor, and she assumed that the water had been tracked in from outside. Johnson had no idea how long there had been water on the floor. And Johnson admitted the water could have come from her own shoes or Pallas's shoes.

After Johnson concluded the presentation of her case, the State moved for judgment as a matter of law. The State argued that it was entitled to judgment as a matter of law because Johnson had not presented any evidence that the State had actual or constructive notice of water on the floor or any dangerous condition inside the store. Johnson argued that Smiley's testimony that the "slippery when wet" sign was put out when it was raining was sufficient to survive a motion for judgment as a matter of law. The trial court agreed with Johnson and denied the State's motion for judgment as a matter of law.

The jury found that the State was negligent and that the State's negligence was the proximate cause of Johnson's injuries and damages. The jury found that Johnson's damages were $2,305,000. The State filed a motion for judgment notwithstanding the verdict. As one of the grounds for its motion, the State asserted, "The failure to grant judgment as a matter of law." CP at 541. The trial court denied the motion for judgment notwithstanding the verdict.

The trial court entered judgment in favor of Johnson. The State appeals.

4

No. 51414-1-II

ANALYSIS

The State argues that the trial court erred by denying its motion for judgment as a matter of law.[1] We agree.

We review a trial court's denial of a motion for judgment as a matter of law de novo. *Davis v. Microsoft Corp.*, 149 Wn.2d 521, 530–31, 70 P.3d 126 (2003). "A motion for judgment as a matter of law must be granted 'when, viewing the evidence most favorable to the nonmoving party, the court can say, as a matter of law, there is no substantial evidence or reasonable inference to sustain a verdict for the nonmoving party.'" *Id.* at 531 (quoting *Sing v. John L. Scott, Inc.*, 134 Wn.2d 24, 29, 948 P.2d 816 (1997)). Substantial evidence is evidence that is sufficient "'to persuade a fair-minded, rational person of the truth of a declared premise.'" *Id.* (quoting *Hellman v. Sacred Heart Hosp.*, 62 Wn.2d 136, 147, 381 P.2d 605 (1963)).

To establish the State's liability for her injury, Johnson was required to show that (1) an unreasonably dangerous condition existed in the liquor store, and (2) the liquor store had actual or constructive notice of the dangerous condition. *Charlton v. Toys R Us—Delaware, Inc.*, 158 Wn. App. 906, 912-13, 246 P.3d 199 (2010). Regardless of whether the floor was an unreasonably

---

[1] Johnson argues that the State has waived review of the trial court's decision denying its CR 50 motion by presenting evidence and failing to renew the motion post-verdict. This is incorrect. To support her position, Johnson relies on summary judgment cases, which are inapplicable because a motion for summary judgment is determined based on pleadings, rather than after evidence has been presented and tested. And a party is not required to renew a CR 50(a) motion (made during trial) with a CR 50(b) motion (made after trial) in order to preserve review of the CR 50 motion on appeal. *Washburn v. City of Federal Way*, 178 Wn.2d 732, 751-52, 310 P.3d 1275 (2013). Therefore, we reject Johnson's argument.

dangerous condition if it was wet, Johnson did not present any evidence that the store had actual or constructive notice of a dangerous condition.

Johnson was required to prove that the liquor store had actual or constructive notice of the unreasonably dangerous condition. *Id*. at 916. "A plaintiff must establish that the defendant had, or should have had, knowledge of the dangerous condition in time to warn the plaintiff of the danger." *Id*. at 915. When the plaintiff has not established actual notice, the plaintiff must show that the dangerous condition "'has existed for such time as would have afforded [defendant] sufficient opportunity, in the exercise of ordinary care, to have made proper inspection of the premises and to have removed the danger.'" *Wiltse v. Albertson's Inc.*, 116 Wn.2d 452, 458, 805 P.2d 793 (1991) (quoting *Smith v. Manning's Inc.*, 13 Wn.2d 573, 580, 126 P.2d 44 (1942)). "[T]he lack of such evidence precludes recovery." *Id*.

Here, Smiley testified that he did not see any water on the floor before Johnson fell. He also testified that no customers informed him of water on the floor or complained that the floor was slippery. Johnson presented no evidence to contradict these assertions. And she did not present any evidence that would establish Smiley had actual notice that the floor was wet. Further, there was no evidence that water was even on the floor before Johnson entered or evidence establishing how long any water on the floor may have been there. And Johnson even admitted that the water could have been tracked in on her or Pallas's shoes. Therefore, in the absence of any evidence that would establish actual notice of an unreasonably dangerous condition in the liquor store, Johnson was required to establish constructive notice that the floor was wet.

Johnson relies on Smiley's testimony that the store put out the "slippery when wet" sign if it was raining to establish constructive notice. However, this does not establish that Smiley had constructive notice of an unreasonably dangerous condition in the store. At best, Johnson has established that, because it was raining, Smiley was aware of the *possibility* that water could be tracked into store making the floor wet. But without any evidence that there actually was water on the floor or how long water had been on the floor, Johnson cannot establish that Smiley had constructive notice of an unreasonably dangerous condition inside the liquor store. Moreover, Smiley testified that he was unaware of any other slip and fall incidents on the liquor store floor, whether it was raining or not. Therefore, the precaution of placing a "slippery when wet" sign out when it rains does not establish constructive notice of an unreasonably dangerous condition.

Johnson urges us to adopt the plurality opinion from *Iwai v. State*, 129 Wn.2d 84, 915 P.2d 1089 (1996), which would expand the application of the "self-service" exception to notice articulated in *Pimentel v. Roundup Co.*, 100 Wn.2d 39, 666 P.2d 888 (1983). However, as has been pointed out both in *Charlton* and in an opinion from this court, the plurality opinion in *Iwai* has no binding effect and, therefore, does not expand the application of the "self-service" exception to notice. 158 Wn. App. at 917-18; *Fredrickson v. Bertolino's Tacoma Inc.*, 131 Wn. App. 183, 192-93, 127 P.3d 5 (2005). No court since *Iwai* has adopted the position taken by the plurality.

CONCLUSION

In the absence of any evidence to establish constructive notice, the State was entitled to judgment as a matter of law. Therefore, the trial court erred by denying the State's motion as a

matter of law. Accordingly, we reverse and remand for the trial court to vacate the verdict and dismiss.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, C.J.

Cruser, J.